## CLOUD v. GOLIGHTLY'S ADM'R.

1. It is not necessary that a foreign executor or administrator suing in our courts, should negative by his declaration, that the deceased had a known place of residence in this State, at the time of his death, or that his estate within the same had been committed to a domestic representative. *It seems*, that if the executor or administrator appointed abroad, is not authorised to maintain an action here, the ground of disability should be pleaded in abatement.

2. The court in which the foreign executor or administrator sues, may of its own motion require the production of the letters testamentary, &c.; and should, where its production is insisted on by the defendant, require it before judgment. But

the omission of the record to show whether such a requisition had been made, or insisted on, is not an error affecting the regularity of the proceedings.

3. An irregularity in the issuing of an execution, does not warrant the reversal of the judgment; if unauthorised by the judgment, or defective, or not legally enforceable, its action may be arrested by some direct proceeding.

WRIT of Error to the County Court of Russell.

The defendant in error, declared against the plaintiff as the indorser of a promissory note, made to his intestate. The declaration is in the usual form, but concludes with the profert of letters of administration, granted to the plaintiff below by the inferior court of the county of Muscogee, in the State of Georga, when sitting for ordinary purposes. It is stated in the judgment entry, that the defendant demurred to the declaration, and that his demurrer was overruled; also, that an issue of fact was tried and a verdict returned for the plaintiff on which judgment was rendered. The transcript also contains the copy of an execution issued on the judgment.

HEYDENFELDT, for the plaintiff in error, made the following points. 1. To entitle a foreign executor or administrator to sue in our courts, the statute requires that the deceased should have had no known place of residence in this State, and no appointment of a representative should have been made within the same; these facts should be averred in the declaration. 2. The record should show that the letters of administration were produced in court before the judgment was rendered. ' 3. The bond required by statute should also appear to have been executed before the execution issued, and the matters made essential, appear to have been done.

BELSER, for the defendant.

COLLIER, C. J.—By the act of 1821, it is enacted that " when letters testamentary, probate of a will, or letters of administration on the estate of any testator or intestate, having no known place of residence in this State, at the time of his or her death, shall have been duly obtained in any other State, territory, or country, and no personal representative of such testator or in-

testate, shall have been duly appointed and qualified in this State, the personal representative, or representatives so appointed out of this State, may maintain any action, demand and receive any debt, and shall be entitled to all the rights and privileges which he, she or they, could have done, or would have had, if duly appointed, and qualified within the same. *It is however provided,* that before the rendition of judgment in any such action, there shall be produced in court a copy of the letters testamentary, probate or letters of administration authenticated according to the laws of the United States, and the certificate of the clerk of some county court in this State, that the same has been duly recorded in his office; " and in default of such proof, the court may direct a non-suit to be entered." *And further,* such foreign representative shall not be entitled to receive any money so recovered, or due to him in such right, until the evidence of his legal authority shall be recorded as by the first proviso required, and there shall have been deposited in the office of the clerk of the county court of the county where such judgment shall have been recovered, or of the county in which the debtor or debtors may reside, and bond in such penalty as the judge of the county court may direct, payable to himself and his successors in office, with such sureties as he may approve, conditioned, that such representative shall faithfully administer and apply, according to law, all monies and effects received by him in right of his testator or intestate from any person in this State. We have recited the section thus at length, because it is necessary to an understanding of the points raised by the assignment of errors. These we will consider in the order in which they are made by the plaintiff in error.

1. We do not think it necessary for the foreign representative to allege in his declaration every fact which is necessary to entitle him to sue in the courts of this State. If he were required to prove them when there was no plea putting them directly in issue, the privilege conferred by the act, would be charged with such inconvenient burthens, as to be almost valueless. Few would be inclined to avail themselves of it, when by obtaining letters testamentary, or of administration, from an Orphans' court within the State, they could prosecute suits without the hindrances which the statute thus interpreted would impose. The correct practice, doubtless is, to require the defendant, if he denies the right of the foreign representative to maintain his action, to plead in abate-

ment, the existence of those facts which are fatal to the remedy, viz: that the deceased had a known place of residence in this State, at the time of his death, or that his estate within the same had been committed to a personal representative. These pleas would of course allege affirmatively the place of his residence, or the court that granted letters testamentary, or of administration, so that there could be no difficulty in proving or disproving their truth.

If the plaintiff were required to negative, by averments, the existence of those facts, could a plea in bar be so framed' as to throw on him the burthen of proving them? If not, what valuable purpose would be subserved by thus declaring? The estate of the deceased or the rights of domestic creditors, would not be better protected. To hold such proof to be necessary in order to make out the plaintiff's right of action, would not, it is true, be to require an impossibility, but would be an imposition profitless to any one, and most probably quite expensive. The manner of pleading then, should be such as we have indicated would be proper.

2. The court, it is true, may of its own motion, require the production of the letters testamentary, &c., and if they are not produced, direct a non-suit to be entered; yet we apprehend that this is not an imperative duty, and the mere neglect to enforce it is not available on error. If the defendant had appeared in court and insisted that the plaintiff should entitle himself to judgment by producing the evidence of his representative character, then the court would have been bound to act, and its refusal would have been fatal to the judgment. But no such course was taken in the present case. And is the mere silence of the record, evidence conclusive to show, that the plaintiff's right to sue was not shown to the court, even conceding that it should have been required without a motion on the part of the defendant? The view we take of the case makes it unnecessary to answer this question.

3. The last point made does not arise upon the record. The writ of error complains of legal defects in the judgment, and any irregularity in the issuing of execution cannot authorise its reversal. If the execution is unauthorised by the judgment, or is otherwise defective, or is not legally enforceable, the remedies are ample, by which its action may be arrested.

The view we have taken of the statute, is entirely conformable to the practice under it, from the period of its enactment to the present time; and we have only to add, that the judgment of the county court is affirmed.