# Binford's Adm'r *v.* Dement.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Competency of party as witness, to prove transactions with decedent.* Under a bill to enforce an alleged lien on land, filed by the personal representative of the deceased vendor, the defendant is incompetent to testify in his own behalf, as to any transactions between himself and the decedent (Code, § 3058), unless called to testify by the complainant.

2. *Objections to evidence; when and how made.*—When interrogatories propounded to a party, as a witness in his own behalf, call for illegal evidence, objection should be taken before filing cross-interrogatories; but this rule does not prevail, when the illegality of the evidence is unknown, or is only disclosed by the answers.

3. *Same.*—Objecting to interrogatories which call for illegal evidence, without more, is not sufficient to bring before the chancellor the question of the admissibility of the evidence: there must be, also, written exceptions signed by counsel, specifying the portions of the testimony sought to be suppressed.

4. *Same.*—Motions to suppress testimony, founded on exceptions duly filed, are properly heard before entering on the trial; or, by consent, they may be heard and determined in connection with the main cause; but, when the parties proceed to a hearing by agreement, stipulating that the chancellor may disallow all illegal evidence, this "rather loose practice has a tendency to cast on the chancellor so much unnecessary labor, that he may very justly refuse to act on such agreement."

5. *Same.*—Objections to evidence can not be raised for the first time in this court, but are waived when not properly taken before the chancellor.

APAEAL from the Chancery Court of Madison.
Heard before the Hon. N. S. GRAHAM.

D. P. LEWIS, for appellant.

BRANDON & JONES, *contra.*

STONE, J.—The present bill was filed to enforce an alleged vendor's lien. The sale to Dement was made in 1869, and a conveyance made by T. T. Binford, who then held the legal title. The deed contains the usual recital of purchase-money paid. This suit was brought in 1879,—more than ten years after the purchase. No written promise to pay the purchase-money is produced, and it is shown that none was ever given. T. T. Binford, the grantor in the conveyance, died about 1875, and this suit was brought by his administrator. The chief, if not the only legal testimony, if properly excepted to, that any

portion of the purchase-money was left unpaid, is found in the answer of defendant.

Defendant, Dement, had his own testimony taken in his own behalf. Many objections were filed to the interrogatories, and to answers to be elicited thereby; which objections preceded the filing of cross-interrogatories to this witness. The main point of the objections is, that the said interrogatories sought to prove by this witness transactions with, and statements by complainant's intestate.—Code of 1876, § 3058. There can be no question, that the defendant was incompetent to testify for himself on this question, unless called to testify by the opposite party.—*Dudley v. Steele*, 71 Ala. 423.

To raise this question, brought to view as it was by the interrogatories themselves, it was necessary that the objections should be taken before proceeding to file cross-interrogatories. Failing to do so, would have been a waiver of all objection to the testimony, on that known ground. The rule is different, when the ground of incompetency is unknown, or only disclosed by the answers of the witness. Exception can then be taken, even after publication.—3 Greenl. Ev. §§ 349 to 352.

It is not enough, however, that objections be taken to the interrogatories. Such objections do not bring the question before the chancellor, nor call for his ruling upon them. They are the predicate—a necessary predicate—for exceptions to be afterwards filed, but are not exceptions to be ruled on. Such exceptions are in writing, signed by counsel; specify the portions of the testimony sought to be suppressed, and become a part of the file. And if the ruling on them, or a failure to rule on them, is sought to be reviewed in this court, they are a necessary part of the transcript. In this way we are informed that the chancellor's attention is called to them, and that they were insisted on in the court below.—*Eldridge v. Turner*, 11 Ala. 1049; *Jordan v. Jordan*, 17 Ala. 466; *Walker v. Smith*, 28 Ala. 569.

Motions to suppress, founded on exceptions thus filed, are properly heard before entering upon the trial.—*Beattie v. Abercrombie*, 18 Ala. 9. By consent, however, they may be, and frequently are heard and determined in connection with the main cause. So, we have knowledge that, in a generous, if not loose practice, parties, by agreement, sometimes proceed to trial, stipulating that the chancellor may disallow all illegal evidence. The first named of these practical departures we have not considered it our duty to condemn. The last has a tendency to cast on the chancellor so much unnecessary labor, that we think he might very justly refuse to act on such agreement.

In the present record, we find no exceptions filed to any part of the testimony. The chancellor in his decree says: "There

[Keel v. Larkin.]

is no motion to suppress any portion of the testimony. Objections to interrogatories, without more, are not sufficient, nor the equivalent of objections to testimony, or a motion to suppress testimony." This is certainly true, and the result is, that no valid objection was made in the court below to any testimony found in this record. Such question can not be raised in this court for the first time.

The chancellor dismissed complainant's bill, and decreed for defendant. The defendant, in his own testimony, affirms most positively that he paid all the purchase-money,—making the last payment in 1871. His vendor lived four years afterwards, and there is testimony tending to show he was in straitened circumstances. No writing was taken evidencing the debt, and the purchaser was left quietly in possession for ten years, before this suit was brought. We do not find enough in this record to show clearly that the chancellor erred.—*Nooe's Executor v. Garner's Adm'r*, 70 Ala. 443.

Affirmed.