# Berlin *v.* Sheffield Coal, Iron & Steel Company.

### *Action on Account. Non-Suit.*

1. *Non-joinder of parties; objection must be made by plea in abatement or demurrer.*—The objection of non-joinder of proper parties should be taken advantage of by plea in abatement when the objection does not appear on the face of the record,

[Berlin v. Sheffield Coal, Iron & Steel Co.]

and by demurrer when it does so appear.

2. *Foreign administrator; want of authority must be specially pleaded.*—The want of authority of an administrator appointed in another State to sue as such in this State is a matter of plea *ne unques administrator*. If it is not specially pleaded it is waived.

APPEAL from Colbert Circuit Court.

Tried before Hon. THOMAS R. ROULHAC.

William H. Berlin brought this suit against the Sheffield Coal, Iron & Steel Company to recover a sum of money which he alleged "was advanced to and for the defendant in the organization and promotion of the organization of the defendant company for the payment of which the defendant is liable."

The plaintiff having died pending the suit it was revived in the name of Hattie M. Berlin as his administratrix by appointment in the State of Pennsylvania. When the plaintiff had introduced her evidence, the defendant moved the court for a judgment of non-suit "on the ground that the only contract by which plaintiff's intestate was authorized to render any services or incur any expense for or impose any liability upon the defendant was to and with Berlin and Adams jointly; and that this suit is not by said Adams nor is he a party thereto." The court sustained this motion and plaintiff excepted. The plaintiff asked the following charges, which were refused: 1. "If the jury believe the evidence in this case their verdict should be for the plaintiff."

2. "If the jury believe from the evidence that the defendant accepted the benefit of contracts made by plaintiff's testator and money paid out by him, then it would be liable to the plaintiff for the amount of money so paid out by her testator, provided the amount paid was reasonable."

J. T. KIRK, for appellant.

R. H. WILHOYT, *contra.*—An involuntary non-suit is error without injury, and will not justify a reversal.—*Stewart v. Ross*, 58 Ala. 264; *Hannon v. Siler*, 99 Ala. 306.

TYSON, J.—The reason assigned by the trial judge for directing a non-suit on motion of the defendant against the objection of the plaintiff, was that "Samuel Adams was a necessary party plaintiff in this cause."

It appears that the only pleas filed by the defendant were, the general issue, payment, set-off, want of consideration and failure of consideration. In some jurisdictions, under the plea of the general issue, where the action is *ex contractu*, advantage may be taken by defendant of non-joinder of parties plaintiff." As a general rule, the objection of the non-joinder of proper parties should be taken advantage of by plea in abatement or answer in the nature thereof when the objection does not appear on the face of the record and by demurrer when it does so appear."—1 Ency. Pl. & Pr., 14 and note 6. In this State the latter rule prevails.—*Garner v. Tiffany, Wyman & Co.*, Minor Rep. 167.

The action of the court in entering the non-suit cannot be sustained upon the proposition that the suit was revived in the name of the present plaintiff as administratrix appointed as such in the State of Pennsylvania, and that there was no proof made by her of a compliance with the provisions of section 359 of the Code.

Her want of authority to maintain this suit is a matter of plea *he unques executrix* or *ne unques administratrix*. If she had not complied with the provisions of the section above referred to, that is a matter of defense which must be specially pleaded; otherwise it is waived. *Hatchett v. Berney*, 65 Ala. 39; *Cloud v. Golightly*, 5 Ala. 653.

We must decline to determine whether the cause of action was joint or several, for the reason that that question is not raised by the pleadings.

Under the issues upon which the cause was tried and the undisputed evidence adduced in support of them, the plaintiff was entitled to have the court instruct the jury as requested in her two written charges, and the refusal to give them was error.

The judgment must be reversed and the cause remanded.