# Johnson *et al. v.* Kyser, Execx.

## *Action of Ejectment.*

1. *Ejectment; right of foreign executrix to maintain action can not be questioned without special plea.*—Where an action of ejectment is brought by a foreign executrix to recover the assets of a testator's estate located in this State, the right of the plaintiff to maintain such suit upon the ground that she has not shown her authority under proper letters testamentary, can be raised only by a special plea of *ne unques executrix.*

2. *Executrix; conclusiveness of letters testamentary.*—Under the statute (Co··e, § 77), letters testamentary are, until they are revoked, conclusive evidence of the authority of the executor or exeutrix named therein to recover and recover all assets belonging to the estate of the testator.

3. *Ejectment; deeds admissible in evidence although they do not convey the entire interest of the lands in suit.*—Where an action of ejectment is brought to recover several tracts of land, it is no objection to the admissibility of a deed constituting a link in the plaintiff's chain of title, that said deed does not convey the entire interest in a certain part of the land sued for, but only an undivided one-half interest.

APPEAL from the Circuit Court of Conecuh.

Tried before the Hon. J. W. FOSTER.

This action was brought by the appellee, Harriet S. Kyser, as executrix of the last will and testament of William J. Kyser, deceased, against the appellants, to recover 120 acres of land specifically described in the complaint. The defendants were the heirs of Bryant Johnson, deceased. The trial was had upon the plea of the general issue.

The plaintiff introduced in evidence the following letters testamentary, which were dated November 20, 1893, and signed "Robert A. Lee, Judge of Probate": "The

State of Alabama. Conecuh County. Probate Court. The will of William J. Kyser of Santa Rosa county, Florida, having been duly admitted to record in said county, letters testamentary are hereby granted to Harriet S. Kyser, the executrix named in said will, who has complied with the requisitions of the law, and is authorized to take upon herself the execution of such will. Dated this 20th day of November, 1893." The defendant objected to the introduction in evidence of said letters testamentary, upon the following grounds: 1st. Said letters show on their face that W. J. Kyser, the testator, was a citizen of Florida, where he died, and that the executrix named therein was also a citizen of that state. 2. Because no sufficient proof has been made of the antecedent proceedings necessary to authorize the issuance of such letters by the probate judge of Conecuh county, Alabama. The court overruled these objections, and the defendant duly excepted.

The plaintiff then offered in evidence letters patent from the United States government to Dixon W. Darnell, covering 40 acres of the lands sued for, and also patents from the United States government to Dixon W. Darnell and Jesse W. Allen, to the remainder of the lands sued for. Each of these letters patent was issued on July 28, 1838.

The plaintiff then introduced in evidence a deed from B. Gross and Dixon W. Darnell, conveying to James M. Hawthorn certain lands, among which were included the lands to which the patent was issued to Darnell and Jesse W. Allen. This deed was dated December 14, 1843. The defendants objected to the introduction of this deed in evidence, upon the ground that said deed was not signed by Jesse W. Allen, who was one of the patentees of the lands therein described, as shown by the patents offered in evidence. The court overruled this objection, and the defendants duly excepted.

The plaintiff then introduced a deed from Dixon W. Darnell and wife to James M. Hawthorn, dated January 10, 1844, and also a deed from B. Gross and wife to James M. Hawthorn, dated January 1, 1844. Each of these deeds conveyed an undivided one-half interest in

the same lands which were included in the deed from
Gross and Darnell to Hawthorn. The defendants sep-
parately objected to the introduction of each of these
deeds in evidence, upon the ground that neither of them
was signed by Jesse W. Allen, who was one of the
patentees to the lands described, as shown by the patents
offered in evidence. The court overruled each of
these objections, allowed the deeds to be introduced in
evidence, and to each of these rulings the defendants
separately excepted.

The plaintiff then introduced in evidence   a deed
bearing date March 23, 1854, from James M. Hawthorn
and wife to William J. Kyser, the testator of plaintiff,
conveying the lands sued for. There was evidence intro-
duced on the part of the plaintiff tending to show
William J. Kyser went into posession under the
deed from Hawthorn and remained in possession up to
the time of his death, which occurred in 1893.

The defendants introduced in evidence a deed from
A. J. Phelps and his wife to Bryant Johnson, the ances-
tor of the defendants, which deed was dated November
3, 1869, conveying and describing the lands involved in
this controversy.

The defendants introduced evidence tending to show
that Bryant Johnson went into possession of the lands
described in said deed, and remained in possession there-
of up to the time of his death, which was prior
to   June, 1891.    The   defendants   then   introduced
the partition proceedings between the heirs of Bryant
Johnston, deceased, which were admitted by the par-
ties to the pending suit to be correct. The deed from
the commissioner appointed to sell said lands for dis-
tribution, conveying them to the defendants in the suit,
was also introduced in evidence. This deed was dated
June 10, 1891. The defendants then introduced evidence
tending to show that they had been in possession of the
property under said deed since its execution.

The defendants requested the court to give, among
other charges, the general affirmative charge in their
favor; and duly excepted to the court's refusal to give
the said charge as asked.

There were verdict and judgment for the plaintiff. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

G. R. FARNHAM and B. P. CRUM, for appellants. Without a compliance with provisions of the statutes the foreign executrix had no authority to recover or to receive assets located in this state.—Code, §§ 80, 81, 82, 83, 84; *Hatchett v. Berney*, 65 Ala. 39; *Barclift v. Treece*, 77 Ala. 528. The evidence in the case at bar showed that there was one heir, William Kyser, but the will was not introduced, nor the original letters testmentary issued in Florida, nor any other fact or circumstance other than the certified copy of letters issued in Alabama.—*Stovall v. Clay*, 108 Ala. 105.

The legal title to land draws to the owner and holder constructive possession of such as he may not be in the actual possession of, if the same is not in the actual possession of another. There can be no constructive possession in the executrix, only the title can draw to it constructive possession, and there is no title in the personal representative.—*Calhoun v. Fletcher*, 63 Ala. 574; *Smith v. Keyser*, 115 Ala. 455.

J. J. SULLIVAN and JOHN D. BURNETT, *contra*, cited *Landford v. Dunklin*, 71 Ala. 594; *Sullivan v. Rabb*, 86 Ala. 438; *Leatherwood v. Sullivan*, 81 Ala. 462; *Woods v. Montevallo C. & T. Co.*, 84 Ala. 560; *Chambers v. Ringstaff*, 69 Ala. 140; *Scheuer v. Kelly*, 121 Ala. 323.

TYSON, J.—This was an action of ejectment brought by the plaintiff, as executrix of William J. Kyser, deceased, to recover possession of a certain tract of land described in the complaint. It appears from the recital in the letters testamentary granted to the plaintiff as executrix of the last will and testament of William J. Kyser, by the probate court of Conecuh county, introduced in evidence, that her testator's will had been duly probated in Santa Rosa county, Florida, and that she had complied with the requirements of the law and

was authorized to take upon herself the execution of said will. The objections interposed by the defendants to the introduction in evidence of the letters testamentary were, that the recitals in them show that William J. Kyser, the testator, was a citizen of the state of Florida when he died, and that the executrix therein named is a citizen of said state; and that no sufficient proof has been made of the antecedent proceedings necessary to authorize the issuance of such letters by the probate court of Conecuh county. These objections are made the basis of an argument here that a foreign executrix has no authority to recover and receive assets located in this state. And furthermore that lands, not devised, descend to the heir who alone is entitled to the possession. That an executor, without the existence of necessity, such as the payment of debts of the testator and for the purpose of sale for division, cannot intercept or divest the possession of the heir. The logical deduction to be drawn from this argument is, that the plaintiff has no right as executrix to maintain this suit. This question can be raised only by a plea of *ne unques executrix.* *Berlin v. Sheffield Coal, Iron & Steel Co.,* 124 Ala. 322; *Hatchett v. Berney,* 65 Ala. 39; *Cloud v. Golightly,* 5 Ala. 653. Since the record contains no such plea, presumably none such was interposed in the court below, and the defendants must be held to have waived it. But aside from this, the letters are conclusive evidence of the authority of the plaintiff to receive and recover all assets belonging to her testator, situated in this state, until they are revoked.—Code, § 77, and authorities cited under it.

The proposition asserted against the right of this executrix to intercept or divest the possession of the heir does not arise in this case. There is no pretense that these defendants derived any right, title or interest in the lands sought to be recovered from the heir or devisee of the plaintiff's testator. As against them, in the absence of any evidence supporting a right, title or interest derived by them from the devisee, the plaintiff would be entitled to the possession of the lands, unless they have shown a superior title by conveyance or adverse possession for ten years.

The cases of *Lee v. Downey*, 68 Ala. 98, and *Stovall v. Clay*, 108 Ala. 105, relied upon by appellants' counsel have no application to this case. They involve the right of an administrator to divest the heir or his assigns of the possession of the lands where no necessity existed for such divestiture for the purpose of administration.

The deeds of Gross and Darnell to Hawthorn and of Darnell and wife to Hawthorn were properly admitted in evidence. The objection made to their introduction proceeds upon the ground that they were not executed by one Allen, whom the patents shaw had an undivided half interest in eighty acres of the lands sued for. This is wholly untenable for the obvious reason that the deeds conveyed the undivided half interest of Gross and Darnell, Allen's co-tenants, which interest the plaintiff's testator acquired from Hawthorn. If the objection was sound, no plaintiff in an action of ejectment who has an interest in lands, less than the entire estate, could maintain the action because of his inability to make proof of his title.

The plaintiff having offered evidence tending to show actual posession by her testator during his life and at the time of his death, of the lands sued for, and this possession, and the posession claimed by the defendants and their ancestors being in dispute, it was a matter for the determination of the jury.

There are other assignments of error based upon objections to evidence and charges refused to the defendant, but they are not insisted upon in argument. The failure to do so is a waiver of them, and we must decline to consider them.

The judgment of the circuit court is affirmed.