## Campbell, *et al. v.* Hughes.

*Bill by Foreign Administrator to Foreclose Mortgage.*

(Decided Nov. 21, 1907.   Rehearing denied June 18, 1908.
47 South. 45.)

1. *Executors and Administrators; Foreign; Powers.*—Letters of administration having no extra territorial force under the common law, foreign administrators must look to legislative authority in order to sue and collect assets in another jurisdiction.

[Campbell, et al. v. Hughes.]

2. *Same; Pleading; Sufficiency.*—Although not amounting to a technical plea of ne unques administrator, the denials of an answer to a bill by a foreign administrator is sufficient to require proof that such administrator has complied with sections 359 and 361, Code 1896.

3. *Same; Letters; Insufficient Authentication.*—A copy of letters of a foreign administrator not authenticated according to the Federal laws is without effect under section 359, Code 1896, and does not authorize suit in this state by such administrator.

4. *Same; When to be Recorded.*—It is unnecessary that a copy of the letters of a foreign administrator should be recorded before suit; it is only necessary that they be recorded before judgment.

5. *Evidence; Letters of Administration; Authentication.*—If an order entered by the probate judge referring to the recordation of a copy of letters of a foreign administrator not properly authenticated, may be considered at all, such order cannot be considered for the purpose of showing that a subsequently properly authenticated copy was recorded.

6. *Same; Record; Method of Proof.*—The fact that a properly authenticated copy of the letters of administration of a foreign administrator has been recorded in the office of a judge of probate, may be shown by the record book or by a certified copy thereof, and probably by a copy of the letters with the certificate of the judge of probate attached, showing that they have been recorded, and the book and page.

7. *Trial; Reception of Evidence; Objection; Sufficiency.*—Where there was objection that the letters did not appear to have been authenticated according to the laws of the United States and recorded in the office of the judge of probate as required by law, letters of a foreign administrator bearing the endorsement, "filed Sept. 26, 1905, Record Book 42, page 444. W. L. Lawler, Judge of Probate." were properly admitted under section 359, Code 1896, since it appears that such letters were recorded and it was not the province of the court to separate the good from the bad objections.

8. *Mortgage; Foreclosure; Prima Facie Case.*—Where neither the notes nor the mortgage disclosed that respondent, one of the signers, was a surety thereon, the introduction of the said notes in evidence made out a prima facie case on foreclosure as against the defense that respondent was a surety.

9. *Evidence; Parol to Vary Writing.*—Where the notes sued on gave no intimation that one of the signers thereof was only a surety, parol evidence to show that such signer was a surety, was admissible.

10. *Evidence; Deposition; Objections; Sufficiency.*—Where no specific objection is made to certain depositions respecting transaction with a decedent the deposition should not have been excluded on that ground at the trial as objection for illegality afforded no ground for excluding, and objection should be made at the time of the taking of deposition, and not at the time of trial.

11. *Husband and Wife; Mortgage of Wife to Secure Husband's Debt.*—A mortgage given by a married woman on her land to secure the husband's debt cannot be enforced.

[Campbell, et al. v. Hughes.]

APPEAL from Madison Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by James Hughes, a foreign administrator, against Jennie L. Campbell, and others, to foreclose a mortgage. From a decree for complainants respondents appeal. Reversed and rendered.

COOPER & FOSTER, for appellant. The certificate attached to the copy of the letters filed Oct. 13, 1904, is wholly wanting in any of the formalities required by sec. 905, U. S. Rev. St.—Sec. 359, Code 1896. The bill alleges that the letters were filed at the time of the filing of the bill. This was material, and should have been proven.—*Hatchett v. Berry*, 65 Ala. 39; *Barclift v. Treest*, 77 Ala. 528; *Grayson v. Robinson*, 122 Ala. 330. The wife cannot become security for the husband.— *Richardson v. Stevens*, 114 Ala. 238; s. c. 122 Ala. 301.

WALKER & SPRAGINS, for appellee. A certified copy of the letters could not have been better evidence than the original document and the record of it.—*Stevenson v. Moody*, 85 Ala. 33; 17 Cyc. 296. The memorandum was sufficient to prove the fact of the recording.—*Stebbins v. Gunter*, 108 U. S. 32; 17 Cyc. 330. Immaterial variances will be disregarded.—16 Cyc. 405; *Peck v. Ashurst*, 108 Ala. 438. The presumption is that before accepting and approving the bond of the administrator, the court ascertained the existence of all jurisdictional facts including that of the death of the intestate.—*Kling v. Connell*, 105 Ala. 590; *Henley v. Johnson*, 134 Ala. 646; *Dobler v. Stroebel*, 81 Am. St. Rep. 546. A specific objection is not necessary to evidence illegal or irrelevant, on its face.—3 Mayf. 580; *Benford v. Dement*, 72 Ala. 492. The case at bar as to suretyship is in all respects similar to that of *American F. L. M. Co. v. Thornton*, 108 Ala. 258.

38 C

DENSON, J.—This is a bill filed by a foreign adminis-trator to foreclose a mortgage on a lot in the city of Huntsville, Ala. The mortgage was executed to the complainant's intestate by Allen R. and Jennie L. Camp-bell, who were at the time husband and wife. Allen R. died before the bill was filed, and the respondents to the bill are Jennie L. Campbell and two minor children of Allen R., as only heirs at law. It is the well-settled rule, according to the common law, both in England and the United States, that letters of administration have no extraterritorial force. Consequently a foregin adminis-trator can only maintain suits and collect assets of the deceased in another jurisdiction in virtue of a legislative permission—ex comitate legis.—*Harrison v. Mahorner,* 14 Ala. 829; *Jefferson v. Beall,* 117 Ala. 436, 23 South. 44, 67 Am. St. Rep. 177; *Johnston v. McKinnon,* 129 Ala. 223, 29 South. 696. In many, if not all, of the states there are statutory provisions authorizing the maintenance of suits and the collection of assets by for-eign executors and administrators.

Section 359 of the Civil Code of 1896 provides that such an executor or administrator "may maintain suits and recover or receive property in this state—(1) by re-cording, at any time before judgment, or the receipt of the property, a copy of his letters, duly authenticated according to the laws of the United States in the office of the judge of probate of the county in which such suit is brought or property received; (2) by giving bond," etc. Section 361 of the Code provides that: "Before a judgment is rendered in a suit brought by such foreign executor or administrator, the plaintiff must prove that he has complied in all respects with the provisions of section 359, and failing to do so, he cannot recover." It has been held that this proof need not be made, in the absence of a plea of "ne unques administrator."—*Berlin*

*v. Sheffield,* 124 Ala. 322, 26 South. 933; *Johnson v. Kyser,* 127 Ala. 309, 27 South. 784. While the denials of the answers may not amount to a technical plea "ne unques," they must be held to operate to require proof of the filing of the copy, duly authenticated, before judgment.—*Harris v. Moore,* 72 Ala. 505; *Noonan v. Bradley,* 9 Wall. (U. S.) 394, 19 L. Ed. 757.

The proof shows that a copy of the letters was recorded in the office of the judge of probate on, towit, the 13th day of October, 1904, before the bill was filed; but manifestly this copy is not authenticated according to the laws of the United States, and the complainant can take nothing by that proof.—Rev. St. § 905 (U. S. Comp. St. 1901, p. 677). The complainant seems to have realized the fact that the copy would avail nothing, for he obtained a copy of his letters, duly authenticated, and introduced it in evidence. This copy was certified on the 23d day of September, 1905. In respect to the submission by the complainant on this copy, the note of submission recites that: "Complainant submits on the following testimony: * * * Certified copy of letters of administration to James Hughes, deceased, by the Surrogate Court of the county of New York and state of New York, filed September 26, 1905, and recorded in Record Book 42, page 444, of the records of said probate court." The probate court referred to is that of Madison county, as is made to appear by what precedes the foregoing in the note.

It is clear that the certificate attached to this copy conforms to the laws of the United States in such cases made and provided.—Rev. St. § 905. But the statute requires that the copy shall be recorded, and it is argued and insisted for the appellant that the proof should show the recording of the copy and that the recording occurred before the filing of the bill. It has never been

precisely determined by this court that the recording
should take place before the commencement of suit; but
it was said, in the case of *Hatchett v. Berney,* 65 Ala.
39 : "The statute is permissive and prohibitory.  *  *  *
Though the statute does not, in words, express a prohibi-
tion of suits, or the voluntary delivery of property, in
the absence of a compliance with the condition, yet such
is its manifest spirit and intent. It prescribes the terms
upon which he may exercise here the authority derived
from a foreign jurisdiction; and to the extent to which
there might be recognition of such authority, in the ab-
sence of compliance, there would be practical contraven-
tion of the legislative will."

We do not consdier that this is an adjudication that
the copy should be recorded before the suit is commenc-
ed.   While we shall not refer specifically to the statutes
of all the states on this subject, we will call attention to
two, and to the construction that has been placed upon
them by the appellate courts.  In Wisconsin the statute
authorizes suits by a foreign representative · upon the
filing of his original letters or a copy thereof in a county
court.—St. 1898, Wis. § 3267.  The court there held
that an omission to comply with the statute before com-
mencement of suit was cured by filing the letters pend-
ente lite.   The decision goes on the theory that the omis-
soin is a mere disability to sue, not going to the right of
action.—*Smith v. Peckham,* 39 Wis. 414.  In Minnesota
the statute is to the effect that a foreign representative
may bring an action, "provided that, before commenc-
ing" the action, he shall file an authenticated copy of his
letters.   The court held that, the authority of the repre-
sentative to sue being statutory, he must commence the
action on the terms the staute prescribes, and if com-
menced before filing the copy, and the objection is prop-
erly taken, it is fatal, and the defect cannot be cured af-

ter commencement of the action.—*Fogle v. Schaeffer,*
23 Minn. 304. To the same effect is *Karrick v. Pratt's
Ex'rs,* 4 G. Greene (Iowa) 144. The Minnesota case
simply declares what the statute then under considera-
tion in terms expressed—that the copy must be filed be-
fore the commencement of suit.

The sum of the cases construing similar statutes seems
to be that the requirement of the statute is merely to
furnish evidence of the plaintiff's representative charac-
ter, and may be complied with after the suit is institut-
ed, unless the statute expressly provides that such let-
ters or copies thereof shall be filed before commencing
the suit.—18 Cyc. 1242; 8 Ency. Pl. & Pr. 705. Our
statute, providing in terms that a foregin representative
"may maintain suits   *   *   *   by recording, at any time
before judgment,   *   *   *   a copy of his letters, duly
authenticated," etc., seems to contemplate that the copy
may be recorded after the commencement of the suit,
and this gains force from the wording of section 361 of
the Code, above set out. Giving the words of the statute
(section 359) their plain, every day, common-sense
meaning, we conclude that it is not required that the
copy should be recorded before commencement of the ac-
tion, and that recording before judgment meets the stat-
utory requirement. This, we feel sure, is what the law-
makers intended.—*Buecker v. Carr,* 60 N. J. Eq. 300, 47
Atl. 34. So far all of the Justices concur.

The question then arises: Does the proof show that
the copy certified on the 26th day of Septem'r, 1905, has
been recorded? It is too apparent to admit of dispute
that the order of the probate judge, of date October 13,
1904, and shown on page 39 of the record here, refers
to the copy of the letters that was filed on the 13th of
October, 1904 (which we have held not authenticated as
required by the statute), and has no reference to the

copy filed September 26, 1905. Therefore, if it can be considered at all (*Foxworth x. Brown,* 114 Ala. 299, 21 South. 413; *England v. Hatch,* 80 Ala. 247), it certainly cannot be for the purpose of showing that the copy of September 26, 1905, was recorded. It follows that the contention of the complainant (appellee) in this respect cannot prevail. The fact to be proved is that a duly authenticated copy of the letters was recorded in the office of the judge of probate before judgment. The copy introduced in evidence bears this indorsement: "Filed September 26, 1905. Record Book 42, page 444. W. L. Lawler, Judge of Probate." If the copy was recorded, it could have been shown by the record book, kept in the probate office, in which the paper was recorded, or by a certified copy of such record.—*Loeb v. Huddleston,* 105 Ala. 257, 16 South. 714; *Stebbins v. Duncan,* 108 U. S. 32, 2 Sup. Ct. 313, 27 L. Ed. 641. Or the copy of the letters, with the certificate of the judge of probate attached, showing that it had been recorded in a certain book in his office, with the date of such recording, would probably be sufficient proof of the fact. Cases cited supra.

In the note of submission we do not find that Record Book 42, was offered as evidence. We construe the note simply as stating, in connection with the copy of letters offered, that it was recorded in said book. This statement cannot operate as evidence of the fact that the copy was recorded. The indorsement does not at all purport to be a certification by the judge of probate. It is a mere memorandum, and of itself merely does not show a recording of the copy. We have no precedent for holding that it is evidence of the recording of the copy, and we apprehend that such a precedent would be a bad one—unsupported by sound reasoning. On these considerations it should be held that the proof does not show that

a copy of the complainant's letters of administration, duly authenticated according to the laws of the United States, was recorded in the office of the judge of probate, and that, the evidene failing in this respect, the decree in favor of the complainant, foreclosing the mortgage, should not have been rendered.—*Harris v. Moore,* 72 Ala. 507.

In what is above said about the inadmissibility in evidence of the copy certified on the 26th day of Septemb'r, 1905, with the indorsement thereon and its effect, Justices HARALSON and DOWDELL concur, but the Chief Justice and Justices SIMPSON and ANDERSON do not. The latter concur in holding that the objection, "Said letters do not appear to have been authenticated according to the laws of the United States and recorded in the office of the judge of probate as required by law" (which was interposed to the copy as evidence), is double, embracing two subjects, and that, as said copy is shown to have been authenticated according to the laws of the United States, the objection was at least to that extent bad, and that, as no duty rested on the chancellor to separate the good from the bad (conceding that the latter part of the objection is good), he properly disregarded the objection; whereas, Justice McCLELLAN's views are that the objection does not raise the question of the manner of proof of the recording of the instrument, and these four Justices concur in the view that the indorsement affords evidence of the proper recordation.

In respect to the defense of suretyship, set up by Mrs. Campbell, the notes and mortgage not disclosing on their faces that she was a surety, the introduction of them made out a prima facie case for the complainant. In this condition of the notes—they being without intimation of suretyship—it was not a violation of the rule of evidence that parol proof will not be allowed to contra-

dict or vary a contract in writing for the respondent to show by parol that the debt was not hers and that she was only surety on the notes.—*Carter v. Long,* 125 Ala. 280, 28 South. 74; *Richardson v. Stephens,* 122 Ala. 301, 25 South. 39; *Price v. Cooper,* 123 Ala. 392, 26 South. 238. Mrs. Campbell was examined as a witness orally in her own behalf.. The specifi cobjection of incompetency on her part to testify to transactions with or statements by the complainant's intestate, John Hughes, was not interposed before the commissioner; but it was set down on the hearing as a ground of exception to the depositions, in connection with the objection of illegality, irrelevancy, and immateriality that was interposed to the questions propounded to Mrs. Campbell. It is insisted by the appellant that, no objection of incompetency having been made at the examination, it could not be made a ground for exception to the deposition at the trial. On the other hand, it is insisted by the appellee that the chancellor was warranted in not considering evidence relating to transactions with or statements by the deceased on the ground of illegality.

The CHIEF JUSTICE, and Justices HARALSON and DOW-DELL, and the writer entertain the opinion that, the specific objection of incompetency of Mrs. Campbell to testify as a witness not having been made at the time she was examined, there was no foundation for an exception and motion to exclude any part of her evidence on the ground of her incompetency—that illegality did not afford the ground for such exception.—*Binford's Adm'r v. Dement,* 72 Ala. 491; *Bell v. Bumstead,* 60 Hun. 580, 14 N. Y. Supp. 697. However, the Chief Justice does not take this ground for the final conclusion he reaches. The ground for that conclusion will be stated further on.

The deed introduced by Mrs. Campbell shows conclusively that the property covered by the mortgage belong-

[Campbell, et al. v. Hughes.]

ed to her when the mortgage was given; so it is not nec-
essary to consider her answer that it belonged to her.

Now, waiving the considerations adverted to above in
respect to the question as to whether the competency of
Mrs. Campbell is properly presented, and in respect to
the admissibility of her evidence, we come to the consid-
erations upon which the final conclusion on the merits
of the case is rested.  The complainant made objections
to a part only of the questions propounded to Mrs.
Campbell, and in making exceptions to the evidence fail-
ed to embrace therein all the evidence covered by the ob-
jections.   Upon a comparison of the objections and ex-
ceptions, and after careful consideration of the entire
record, we find that the testimony (outside of that em-
braced in the exceptions) shows that the debt attempted
to be secured by the mortgage was that of the husband.
In this view the Chief Justice and Justices HARALSON
and DOWDELL concur with the writer; but the other Jus-
tices dissent therefrom.   From this concurrence of four
of the Justices, it follows that the decree of the chancel-
lor granting relief to the complainant must be reversed;
and a decree will be here rendered, denying relief and
dismissing the bill.

Reversed and rendered.

TYSON, C. J., and HARALSON and DOWDELL, JJ., con-
cur.  SIMPSON, ANDERSON, and McCLELLAN, JJ., dissent.