(85 South. 7)

FRANKLIN v. GWIN et al.     (6 Div. 959.)

(Supreme Court of Alabama.   Jan. 15, 1920.)

1. ADVERSE POSSESSION ☞8(3) — TITLE TO SIXTEENTH SECTION LANDS ACQUIRED BY ADVERSE POSSESSION.

Title to sixteenth section lands may be acquired by an adverse possession sufficient to that end under the statute.

2. MINES AND MINERALS ☞49—TITLE HELD NOT LOST BY ADVERSE POSSESSION OF SURFACE.

Title to minerals, after severance from the surface, cannot be lost by adverse possession, except by the disseisure of the owner of the minerals; mere nonuser and possession by others of the surface not affecting his title.

3. EQUITY ☞273, 350—AMENDMENT TO BILL TO QUIET TITLE DID NOT INTRODUCE NEW ISSUE SO AS TO REQUIRE SUPPRESSION OF DEPOSITIONS.

An amendment of an original bill to quiet title, which was but a denial that the respondent acquired any right or title under a patent from the state asserted in the answer to the original bill, propounding his claim, etc., to the land, did not introduce any new issue, in view of Code 1907, § 5443 et seq., and hence court did not err in overruling defendant's motion to suppress depositions of certain witnesses on the ground that the bill was materially amended, within Chancery Practice rule 49 (Code 1907, p. 1542), that forbids the taking of testimony until the cause is at issue.

4. DEPOSITIONS ☞96—STIPULATION OF COUNSEL AS TO DEPOSITIONS GOOD REASON FOR REFUSING MOTION TO QUASH ON ACCOUNT OF AMENDMENT OF BILL.

An agreement between counsel that depositions might be taken "in shorthand and transcribed, and that the same may be offered in evidence without signature of witnesses," held, along with another agreement of counsel, to warrant the court in overruling a motion to suppress the depositions on account of an amendment of the bill, since, if the defendant felt that further examination was desirable or necessary, the court's power to end might have been appealed to in the premises.

5. APPEAL AND ERROR ☞501(3), 938(5)—NO REVIEW IN ABSENCE OF EXCEPTIONS IN RECORD; NO PRESUMPTION THAT EXCEPTIONS WERE TAKEN WHERE NONE IN RECORD.

No exceptions touching evidence presented in depositions being shown in record, it must be presumed none were taken, in the absence of which no ruling of the court below was invoked, and no review can be had.

6. ADVERSE POSSESSION ☞95—EVIDENCE OF TAX ASSESSMENTS, RECEIPTS, ETC., ADMISSIBLE TO SHOW CLAIM TO PROPERTY, AND THAT PROPERTY WAS SUBJECT TO ASSESSMENT.

In an action wherein title to land was involved, plaintiff's title being based on adverse possession of sixteenth section lands, evidence relating to tax assessments, receipts, etc., was admissible as tending to prove a claim, etc., to the land, the evidence otherwise going to show that the property was the subject of such assessments and receipts.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by W. H. Gwin and others against H. L. Franklin, to quiet title to certain mineral interests.   Decree for complainants, and respondent appeals.   Affirmed.

B. M. Allen and Black & Harris, all of Birmingham, for appellant.   A motion to suppress depositions should have prevailed rule 49, Chan. Prac., and cases there cited.   Evidence of transaction with deceased persons are not admissible.   Section 4009, Code 1907, and cases cited.

W. K. Terry, of Birmingham, for appellee. On the question of adverse possession, counsel cites 180 Ala. 374, 61 South. 293; 90 Ala. 309, 7 South. 817; 175 Ala. 465, 57 South.

---

967; 171 Ala. 627, 54 South. 549; 186 Ala. 140, 65 South. 170; 98 Ala. 543, 13 South. 6. On the question of the admission of the tax assessments, counsel cites 175 Ala. 465, 57 South. 967; 141 Ala. 366, 37 South. 424. As to the suppression of deposition or depositions, counsel cite 9 Port. 90; 72 Ala. 491.

McCLELLAN, J. [1, 2] The appellees filed this bill against appellant to quiet the title to the mineral interest in the west half of the southeast quarter of section 16, township 18, range 7 west, in Jefferson county, Ala. Title to sixteenth section lands in this state may be acquired by an adverse possession efficient to that end under our statutes. State v. Schmidt, 180 Ala. 374, 61 South. 293. On error to the Supreme Court, this decision was affirmed. Alabama v. Schmidt, 232 U. S. 168, 34 Sup. Ct. 301, 58 L. Ed. 555. See, also, Wiley v. Wilhite, 201 Ala. 638, 79 South. 110, 113. The respondent (appellant) claimed the fee in this land in virtue of a "state patent" issued to him on the 27th day of August, 1917. The complainants (appellees) attribute their rights in the premises to a title perfected, through adverse possession, by C. B. Gwin (father of the appellees), following a conveyance of the land to him in 1861 by one Burchfield, who was in possession at the time. That C. B. Gwin, prior to March, 1890, perfected his title to the entire fee in the land described in the bill was satisfactorily established by the evidence. There was no sufficient evidence that the title thus perfected by C. B. Gwin was divested or defeated by a subsequent, requisite adverse possession by any one. Hence at that time the state of Alabama was without title or right to the land, and therefore could convey none. Neither it nor its "patentee" (appellant) are shown to have since acquired any title or right to the land. At that time (1890) C. B. Gwin conveyed the surface (reserving the mineral) to his son, J. M. Gwin. The severance in title of the surface estate from the mineral estate in this land was effected in March, 1890. Hooper v. Bankhead, 171 Ala. 626, 54 South. 549; Shepard v. Mt. Vernon Lbr. Co., 192 Ala. 322, 327, 68 South. 880; Birmingham Fuel Co. v. Boshell, 190 Ala. 597, 599, 67 South. 403. As indicated, no adverse possession of the mineral estate, as distinguished from the surface estate, was shown on the part of any one which operated to defeat or divest the title of C. B. Gwin (who died in 1916) in and to the estate in the mineral in this land. Hooper v. Bankhead, supra. The decree adjudging the absence of valid right, title, or claim on the part of appellant was therefore well rendered, unless errors, in respect of rulings made on the trial, intervened to affect the decree unfavorably.

[3, 4] It is insisted for appellant that the court below erred in overruling appellant's motion to suppress the depositions of certain witnesses, the motion proceeding on the ground, in substance, that since the bill was materially amended a previous agreement of counsel with respect to the taking and use of depositions (Code, § 4047) did not justify the court in overruling the motion to suppress the depositions in view of the provisions of rule 49 of Chancery Practice (Code, p. 1542) that forbid the taking of testimony until the cause is at issue. The mentioned amendment of the bill was, in effect, but a denial (unnecessary under the statutory system for quieting title to land, Code, § 5443 et seq.) that the respondent (appellant) acquired any right or title under the "patent" from the state in 1917, asserted in his answer to the original bill, propounding his claim, etc., to the land. It is quite clear that the stated amendment did not introduce any new issue, to those presented by the appellant's answer to the original bill. Furthermore, the written, signed agreement of counsel for both parties, of date November 9, 1918 (rule 14, Code, p. 1520), along with the agreement, which seems to have been made before the commissioner (Brazzleton), that the depositions might be taken "in shorthand and transcribed, and that the same may be offered in evidence without signature of the witnesses," warranted the court in overruling the motion to suppress. If the respondent felt that further examination was desirable or necessary, the court's power to that end might have been appealed to in the premises. An effectual agreement of counsel on both sides may, of course, waive the restriction set down in rule 49, ante.

[5] The court below heard the case on deposition and some orally delivered testimony in connection with which "tax assessments" were also received. No "exceptions" touching the evidence presented through depositions being shown in the record, it must be presumed none were taken, made, or reserved, in the absence of which no ruling of the court below was invoked, and hence no review here can be had. Binford v. Dement, 72 Ala. 491; Climax Lumber Co. v. Bay City Mach. Works, 163 Ala. 654, 50 South. 935.

[6] The objections taken on the hearing to that part of the evidence presented to the court itself, and complaining of the reception of evidence relating to tax assessments, do not appear to have been distinctly ruled on by the court. Nevertheless, no error can be imputed with respect to the evidence relating to the tax assessments, receipts, etc., because such matters are admissible as tending to prove a claim, etc., to the land (Brannon v. Henry, 175 Ala. 454, 465, 57 South. 967), the evidence otherwise going to show that the property here in question was of the

subject of such assessments and receipts for taxes paid.

The decree is not affected with error. It is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.