12 So.2d 391

### SUMNER et al. v. CALDWELL et al.
### 8 Div. 201.

Supreme Court of Alabama.
March 18, 1943.

---

D. P. Wimberly, of Scottsboro, for appellants.

Proctor & Snodgrass, of Scottsboro, for appellees.

BROWN, Justice.

Pending the administration of the estate of R. T. Hargiss, deceased, in the Probate Court of Jackson County, a number of claims were filed against said estate under the provisions of the statute. Code 1940, T. 61, § 214. Among others, a claim by appellant for board, lodging, services rendered in nursing and administering to said Hargiss, for money expended for medicines and other things for him during his last illness. Included in said claim were alleged payments on an indebtedness due from appellant to Hargiss or his estate.

Another claim was by Della Sumner, the wife of appellant, for nursing and other services, and another by John Sumner for nursing and other services, during such last illness.

Without removing the administration of the estate from the Probate Court to the Circuit Court, in Equity, the appellees as the administrators of said estate, appointed by the Probate Court, filed the bill in this case, seeking to have the validity of said claims, and the amount thereof, adjudicated and determined by the circuit court, sitting in equity.

The bill alleges that appellant and J. E. Sumner on the 9th day of January, 1917, executed to said Hargiss a real estate mortgage for $2,100 due one year after date, and subsequently in January, 1933, executed a note for $667.88, to quote from the bill, "which your complainants are advised and upon information and belief aver to have been executed by said J. B. Sumner and J. E. Sumner as an interest note on the said real estate mortgage."

That "they [complainants] have been unable to ascertain the *exact* balance due on said note above referred to and that in order to determine the exact amount due on said note, an accounting should also be had between the parties hereto, except as to the respondents, Della Sumner and John J. Sumner. [Italics supplied.]

"That there is due to complainants as administrators of the estate of said R. T. Hargiss a balance on said real estate mortgage and note but that as above stated, they have been unable to determine the amount of said balance and cannot determine the amount of said balance without an accounting to be had under proper orders and decrees of this Court."

As to the claim filed by the appellant J. B. Sumner, the bill alleges that said Sumner offers said claim as an offset against the amount due on the indebtedness evidenced by said real estate mortgage. That complainants recognize and admit that "said J. B. Sumner is entitled to and should be given credit on said indebtedness in a reasonable amount for his services in attending to said R. T. Hargiss for a short period of time during the lifetime of said R. T. Hargiss. Complainants aver that said account as filed is unreasonable and cannot and should not be recognized by your complainants as filed. * * * that in order to ascertain the amount of credit that should be allowed on said account as filed that it is necessary that an accounting be had under proper orders of this court to determine the amount due or that should be allowed on said account as so filed against said estate."

The bill alleges the filing of the account of Della Sumner, "purporting to be an account for board, care and attendance rendered said R. T. Hargiss for a period of about 97 days during the last illness of said R. T. Hargiss and that a part of this account appears to be a duplication of the account as filed by the respondent, J. B. Sumner.

"Complainants aver that they are unable to ascertain what amount, if any, is due the respondent, Della Sumner, without an accounting between said respondent, Della Sumner, and these complainants."

As to the claim of John Sumner, the bill alleges, "That said account appears to be, in part, at least, a duplication of both accounts hereinabove referred to, as filed by the respondents, J. B. Sumner and Della Sumner, and your complainants aver that they are unable to ascertain the amount due the respondent, John J. Sumner, if any, on his said account, without an accounting to be held under proper orders of this Court," between said respondent, John J. Sumner, and your complainants.

The bill prays for a reference to the Register to ascertain the amount due on said claims, and further prays, "that the amount found to be due said J. B. Sumner, if any, to be then credited on the balance due by said J. B. Sumner and the heirs at law of J. E. Sumner, deceased, to the estate of Hargiss, deceased, on said mortgage, and that upon the ascertainment of

the definite balance due on said mortgage, after allowing credits on said accounts, a decree be rendered *allowing* the respondents or either of them [except the respondents Della Sumner and John J. Sumner] a reasonable time in which to pay the balance ascertained to be due on said mortgage, and in the event of a failure to pay said balance within a reasonable time, that all necessary and proper orders be entered to the *end that complainants herein may be authorized* to foreclose said mortgage for the balance ascertained to be due thereon."

On demurrer filed, separately by the defendants, which mainly attacked the sufficiency of the bill on the theory that the claim under the real estate mortgage was barred by prescription, and the statute of limitations, and also for multifariousness in joining the claim of Della Sumner and John J. Sumner, the court ruled that the claim of the complainants on the alleged interest note was barred by the statute of limitations, and that the bill was rendered multifarious by seeking relief as to the claims of Della and John J. Sumner. The complainant amended the bill to meet this ruling and struck therefrom the claim on the note and struck as parties respondents said Della and John J. Sumner and the averments of the bill as to them.

Subsequently the stricken parties filed a petition seeking to have the court adjudicate and determine their claims, and by consent of the parties, this was done in the decree of September 9th, 1942, from which this appeal was taken by J. B. Sumner, and not shown by the record, but as stated in brief, said Della and John Sumner have accepted the result and the amount so ascertained to be due and have been paid.

On submission on final decree, on pleading and proof, the court, on May 20th, 1942, entered the following decree:

"Upon consideration of this cause the Court is of opinion that it should be referred to the Register to determine the amount due on the note and mortgage executed on the 9th day of January, 1917, by J. B. Sumner, Della Sumner, Susan Sumner and J. E. Sumner to R. T. Hargiss in the sum of $2,100.00; and that it should be further referred to the Register to determine the amount due J. B. Sumner, John J. Sumner, and Della Sumner, for services rendered to the said R. T. Hargiss during his lifetime, which sums are claims against the estate of R. T. Hargiss.

"It is therefore ordered, adjudged and decreed by the Court that the Register of this Court will hold a reference on the 29th day of May, 1942, for the purpose of determining the amount due on the said note and mortgage of date of January 9th, 1917, executed by J. B. Sumner, Della Sumner, Susan Sumner and J. E. Sumner to the said R. T. Hargiss; and for the purpose of determining the amount due J. B. Sumner, John J. Sumner and Della Sumner for work and services rendered R. T. Hargiss during his lifetime," with direction to the Register as to notice and the consideration of "testimony in the files and further testimony which may be material to subject of said reference, that may be offered."

The Register made and filed his report, finding "Interest due on the mortgage $610.17, note $2,100.00, mortgage and interest $2,710.17." Payments aggregating $1,348.25, leaving balance due on note and mortgage $1,361.92.

That the amount due on the claim for services rendered, money expended and board and lodging due J. B. Sumner $1,941, "applied to the mortgage debt satisfied the same, leaving a balance due Sumner of $579.09."

A separate report was made as to the amount of the claims of John J. Sumner and Della Sumner, not here material.

The complainants filed numerous exceptions to the Register's Report, noting under Equity Rule 87 [Code 1940, T. 7 Appendix, p. 1112] in connection with other evidence, the answer of the defendant J. B. Sumner and "particularly Section 4 of said answer."

The court, on submission on the report and exceptions thereto, reviewed and modified the Register's Report touching the claim of J. B. Sumner, and decreed as follows: "The Court is of the opinion that there is now due on the mortgage executed by J. B. Sumner, Della Sumner, Susan Sumner and J. B. Sumner to R. T. Hargiss on January 9, 1917, the sum of $3,167.00.

"The Court is further of the opinion that the report of the Register ascertaining the amount of $1,941.00 due to J. B. Sumner from the estate of R. T. Hargiss should be modified and the Court is of the opinion that the said J. B. Sumner is due from the estate of R. T. Hargiss the sum of $242.50 for services rendered, and is due the amount of $1216.00 for money expended for medicine, clothing and other items in

152

connection with the care of the said R. T. Hargiss; * * *.

"It is, therefore, ordered, adjudged and decreed by the Court that J. B. Sumner have and recover of the Complainants in this cause the sum of $1458.50. * * *

"It is further ordered, adjudged and decreed by the Court that there is now due on the said mortgage above described the sum of $3167.00 and the Administrators of said estate are authorized to give credit on the amount due on said mortgage and note the amounts owing from said estate to the said J. B. Sumner, above mentioned, and described.

"This the 9th day of September, 1942.
"W. J. Haralson,
"Judge, Ninth Judicial Circuit."

The appeal is from that decree, and appellants assign as error the rulings on the demurrer, and the rulings on the exception to the Register's Report.

We find difficulty in reaching a conclusion in the case for several reasons, which we now state. (A) The administration of the estate is pending in the Probate Court which on application either of the parties has authority to determine the validity of said claim and the amount thereof, under the provisions of § 216, T. 61, Code 1940. The bill does not seek a foreclosure of the mortgage, and the matter of accounting is not associated or connected with an independent equity. Pate & Pate Lumber Co. v. Bruner, Ala.Sup., 11 So.2d 356;[1] Dargin et al. v. Hewlitt, 115 Ala. 510, 22 So. 128; Callahan v. Auburn Production Credit Ass'n, 240 Ala. 104, 197 So. 347, 129 A.L.R. 893.

(B) The parties overlooked the fact that § 6565 of the Code of 1923 was not brought forward in the Code of 1940, and was repealed by the act adopting the Code, hence did not file objections and exceptions on the trial before the court to objectionable evidence in accordance ·with established trial practice prevailing previous to the enactment of such law. Binford v. Dement, 72 Ala. 491; Webb v. Robbins, 77 Ala. 176 [182]; Climax Lumber Co. et al. v. Bay City Machine Works, 163 Ala. 654, 50 So. 935; Campbell et al. v. Hughes, 155 Ala. 591, 47 So. 45; Franklin v. Gwin et al., 203 Ala. 673, [674], 85 So. 7. In the absence of such objections made in writing and signed by counsel, all the testimony in the case was open for consideration. Binford v. Dement, supra.

(C) The notation of the allegations of the defendants' answer by the complainant as evidence made it evidence of the facts stated as to the payments on the mortgage debt. Leeth Nat'l Bank v. Elrod, 233 Ala. 340, 172 So. 104.

While the appellant here has the burden of showing error and injury resulting from the vacation, in part, of the Register's Report, he is aided in this by the usual presumption in favor of the Register's Report which has the weight of the verdict of a jury. Pollard et al. v. American Freehold Land Mortgage Co. of London, Ltd., 139 Ala. 183, 35 So. 767; O'Rear v. O'Rear, 227 Ala. 407, 150 So. 506.

After painstaking review of the evidence, in the light of the presumption in favor of the Register's Report and the admission in the defendants' answer, we are unable to affirm error in the conclusion of the court ascertaining the amount due on the mortgage or in ascertaining and fixing the amount due on the claim of appellant.

But this does not end the difficulty. The decree from which the appeal is prosecuted is not a final decree disposing of the case, and there was no appeal from the interlocutory decree overruling the defendants' demurrer to the bill as amended. The decree of September 9th, 1942, not being a final decree, the only thing we can do is to dismiss the appeal. Code 1940, T. 7, §§ 754, 755.

Appeal dismissed.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.

[1] 243 Ala. 648.