## MOTT *vs.* PETRIE, survivor, &c.

In an action against the *survivor* of two makers of a *joint* promissory note, unless the plaintiff succeeds in establishing a *joint indebtedness*, he is not entitled to recover; and it was accordingly held in this case, that the defendant, sued as the surviving maker of a joint promissory note, might prove *payment* of the note by his joint debtor, and thus defeat a recovery, although before transfer of the note to the plaintiff he acknowledged it to to be due, and promised to pay it.

THIS was an action of *assumpsit*, tried at the Oneida circuit in April, 1834, before the Hon. ESEK COWEN, then one of the circuit judges.

The plaintiff declared on a *joint* promissory note, given by *Adam Petrie* and *John D. Petrie* for $554,95, bearing date 27th April, 1829, payable to John Graves, or *bearer*, one day after date.  The suit was against John D. Petrie, *survivor* of Adam Petrie.  On the trial, the signatures of the makers of the note were admitted, and it was also admitted that *Adam Petrie* died in August, 1831.  On the part of the defendant, it was proved that the note in question was given in consideration of property purchased by *Adam Petrie* at a sheriff's sale, by virtue of an execution against one *Richard Petrie*, in favor of John Jewett and Samuel F. Halsey.  The sale was conducted by Daniel Dygert, a deputy of John Graves, the then sheriff of Herkimer, the note was made payable to the sheriff or bearer, and the deputy agreed that it might be paid by Adam Petrie directly to Messrs. Jewett & Halsey.  John D.

NEW-YORK, Petrie signed the note as surety. Jewett, one of the firm of
May, 1836. Jewett & Halsey, testified that in July, 1829, Adam Petrie
paid to him, on account of their debt against Richard Pe-
trie, $385,50, and in 1830 transferred to him a note on same
account, on which he had subsequently received $101,99.
Besides which evidence, there was an endorsement of a pay-
ment on the note of $100, made 20th May, 1829. The
plaintiff then proved that in October, 1831, Dygert, still hold-
ing the note in question, transferred it to George H. Feeter,
in payment of a demand that Feeter held against him, and
that Feeter made him advances upon such transfer to the
amount of $219. Previous to taking the note, Feeter called
upon the defendant, *John D. Petrie,* who told him that the
*note was all due,* and promised to pay the amount thereof to
him, and shortly afterwards did actually pay $244,17 on ac-
count, which was endorsed upon the note. Feeter subse-
quently transferred the note to the *plaintiff* for a valuable con-
sideration. The judge charged the jury that the plaintiff
was entitled to recover, that it was very questionable whether
the defendant could insist upon having acted under a mistake
of facts, and at any rate there was no evidence of mistake ; for
aught that appeared, the defendant acted with full knowl-
edge in leading Feeter into the negotiation, and ought to be
estopped. The jury found for the plaintiff. The defendant
asks for a new trial.

*P. S. Root & J. A. Spencer,* for the defendant.

*C. P. Kirkland,* for the plaintiff.

*By the Court,* NELSON, J. The declaration charges a *joint
indebtedness* against the defendant as survivor of A. Petrie,
deceased, on a promissory note ; and to maintain the action,
it must be proved as laid. 2 *T. R.* 478. 1 *Chitty's Pl.* 31.
1 *East,* 52.

It was not necessary to have noticed the decease of the
joint debtor in the declaration, though it is more formal to do
so, 1 *Chitty,* 28. 1 *Johns. Cas.* 405 ; 1 *Barn. & Ald.* 29 ; 4
*id.* 452 ; the *evidence,* however, should be the same to author-

ize a recovery upon the note. The reverse as to pleading is the rule in the case of a surviving plaintiff. 4 *Barn. & Ald.* 452. 1*Johns. R.* 36. It was decided by the court in *Spalding* v. *Mure,* 6 *T. R.* 363, that as a plea in abatement of a joint debtor not sued could be pleaded only while *he was alive* —that averment being material; if dead, the old rule applied, and the plaintiff must be nonsuited for a variance between the contract charged and the one proved. The cases above referred to are against this decision. This case may be relied upon, however, as shewing the question to be one of pleading ...d not of proof. Notwithstanding the decease of the co-debtor, the contract remains as before; for the liability grows out of it, but the remedy survives against the survivor. 1 *Caines' Cas. in Error,*122. A subsisting joint indebtedness must be shewn as fully as if the co-debtor was living, to enable the plaintiff to recover upon the contract, if that is the one sought to be enforced.

The principle of the case of *Bosanquet et alii* v. *Wray et alii,* 6 *Taunt.* 597, may be referred to on this point. It was there decided that the partners in one house could not sue *at law* those of another, where one of the house of the plaintiffs was also a member of the other, for partnership transactions; and that it made no difference whether the action was brought before or after the death of the common partner. The ground taken was that no legal contract could subsist between him and his partners, on one side, and himself and those connected with him on the other side: it was available only in equity, and as the principle went to the root of the contract, the same objection to the plaintiff's recovery continued after his decease. This case shews that the fact of the remedy surviving to and against the different parties did not alter the nature of the contract, nor vary the principles governing it. By the decease of one of the partners it did not become, by operation of law, the contract of the survivors. If it had, there would have been no objection to the suit at law. Now, applying this principle to the present case, the plaintiff, to sustain a recovery, must establish the liability of the deceased joint debtor, as

NEW-YORK,  well as that of the defendant; the rule as to partners in
May, 1836.  this respect being equally applicable to joint debtors. This
Mott  he did by producing and proving the note; that was rebutted,
v.  however, by proof that it had been fully paid, according to
Petrie.  agreement of the parties, while in the hands of Dygert, to
whom it was given. The joint indebtedness was thereby ex-
tinguished, and the plaintiff can claim nothing on the score of
commercial paper, because it came into his hands after due,
and therefore subject to every defence existing against it in
the hands of Dygert.

The only pretence against the conclusiveness of this view
of the defence is, that the defendant was privy to the negoti-
ation of the note to Feeter; admitted it to be due, and prom-
ised to pay it. Whether this promise, under the circumstan-
ces disclosed in the case, should bind him individually, or not,
it is unimportant to determine. It is clear, it cannot revive
the note, and give vitality to it, as respects the deceased joint
debtor. The defendant's promise might take the case out
of the statute of limitations, but it cannot create a new debt
against the deceased joint debtor. 3 *Johns. R.* 536. 6 *id.*
269. The defence, as to the co-debtor, is complete, he hav-
ing paid the note, which has since, and after due, passed to
the plaintiff; and that is sufficient also for the defendant
upon the record, as a joint indebtedness is thereby disproved.
1 *Chitty*, 32, *and cases cited.*