JOSEPH FETZ, Respondent, vs. C. S. CLARK & Co., Appellants.

APPEAL FROM THE DISTRICT COURT OF CHISAGO COUNTY.

In an action against several as partners, the allegation of partnership is material and must be proved as alleged, if the allegation is denied.

Where partnership is alleged in such an action, an answer denying each and every allegation of the complaint, puts the partnership as well as the joint promise alleged in issue.

In such a case, the Plaintiff having alleged, and offered evidence tending to prove partnership, it was error in the Court to prevent the Defendants from disproving the allegation, and to instruct the jury that the partnership alleged in the complaint was admitted by the pleadings.

The Plaintiff must recover against all or none. He cannot, having sued upon an alleged partnership contract, recover against one of the Defendants only.

Points and Authorities for Appellants.

I.—Under the pleadings in this action, one of the material

issues of fact formed was, as to the partnership of the Defendants. This was alleged in the complaint, and the Defendants by denying each and every allegation in the complaint, put this as well as every other material allegation in the complaint in issue. *Benedict vs. Seymour*, 6 *How.*, 298. It follows, therefore, that if the allegation was material, it must be proven by the Plaintiff to entitle him to recover, and if proof on the part of the Plaintiff was necessary, the Defendant under his general denial, could controvert any fact proved. That this allegation of partnership is material, we think beyond question. *Caldwell vs. Bruggerman*, 4 *Minn.*, 270 ; *Bond vs. Corbett*, 2 *Minn.*, 248.

The Plaintiff introduced proof going to show the partnership as stated in the complaint, and the Court below erred in excluding the testimony offered by the Defendants to controvert that fact, and show that no such partnership ever existed. The testimony offered was plainly relevant, material and competent. *Crandall vs. Beach & Doe*, 7 *How.*, 271 ; *Merrifield vs. Cooley*, 4 *ib.*, 272 ; *Benedict vs. Seymour*, 6 *ib.*, 298 ; *Andrews vs. Bond*, 16 *Bar.*, 633.

II.—The Court below erred in charging the jury " that for the purposes of this action, the partnership of the Defendants is admitted, as stated in the complaint."

Points and Authorities for Respondent.

I.—That when an action is brought against certain parties, —partners composing a certain firm as such, the answer of said parties containing a general denial merely, will be taken as their answer as such partners, and as an admission that the action has been correctly brought. *Gould's Pl.*, *p.* 44, *sec.* 37; *ib.*, 272, *sec.* 104 ; *Gardmin et. al. vs. Clark*, 6 *How.*, 449 ; *King vs. Vanderbilt*, 7 *How.*, 385 ; *Van Santv. Pl.*, 385–89 ; *Gould's Pl.*, *p.* 278, *sec.* 114; *Forgate et. al. vs. Herkimer, M. & H. Co.*, 2 *Kern.*, 580 ; *Ingraham vs. Baldwin*, 12 *Barb.*, 9 ; 2 *Duer*, 160; 2 *How.*, 258.

II.—That the objections of nonjoinder or misjoinder, cannot be taken as defences, in the general answer, but as objections by answer, and the matter must be set up alone, and alleged

specially to be made available. *Gardmin et. al. vs. Clark*, 6 *How.*, 449; *Comp. Stat. Minn., p.* 540, secs. 66, 67; *Catlin vs. Garter*, 1 *Duer*, 310; *Fowler vs. Kennedy*, 2 *Abb.*, 351; *Barnard vs. Jones & Provost*, 11 *How.*, 569.

III.—That neither the partnership of the Defendants, or the character in which they are sued, is essential to the Plaintiff's right of recovery in this action, the only matter in that regard being the joint liability of the Defendants.

IV.—That the Defendant, Oscar A. Clark, in contracting with the Plaintiff to work for him on the logs, and promising to pay him therefor, without stating to the Plaintiff to whom the logs belonged; and the Defendant, Cornelius S. Clark, by telling the Plaintiff while performing the labor upon said logs, that he and Oscar A. Clark were partners and joint owners therein, are estopped to deny that they were such partners and joint owners. *Caldwell vs. Auger & Herbert*, 4 *Minn. R.* 217, *and cases therein cited;* 1 *Greenl. Ev.*, sec. 27; *Howard vs. Mitchell*, 14 *Mass.*, 241; *Lord vs. Bigelow*, 8 *Vermont*, 461.

V.—That when two or more persons defend jointly in an action, and evidence is offered by them on the trial which is inadmissible as to one of such Defendants, it is not error in the Court to exclude such evidence. *Robertson vs. Smith*, 18 *John.*, 459, 477.

VI.—That when upon the trial of an action, the ruling or charge of the Court is technically erroneous in point of law, yet if the Appellate Court can see that the party objecting is not hurt by such technical error, it will not for such error reverse the judgment of the Court below. *The Justices, &c. vs. Plank Road Co.*, 15 *Geo.*, 39; *Johnston vs. The State of Georgia*, 14 *Geo.*, 55; 15 *U. S. Dig.*, 415, sec. 5; 14 *ib.*, 447, sec. 11.

WM. M. McCLUER, Counsel for Appellants.

L. R. CORNMAN, Counsel for Respondent.

*By the Court*—EMMETT, C. J.—This was an action brought against the Defendants as partners, to recover a balance al-

leged to be due for work and labor done by the Plaintiff for the Defendants as such partners, and at their request. The complaint alleges the partnership in terms. The answer denies each and every allegation of the complaint.

On the trial the Plaintiff gave evidence of the amount and value of the labor and services mentioned in the complaint; and that he was employed so to work and labor by Oscar A. Clark, one of the Defendants, nothing at the time being said about a copartnership with any one; but he also introduced evidence tending to show that the other Defendant afterwards acknowledged that he was interested as a partner with said Oscar in the business in which the said Plaintiff was employed.

The defence then introduced Defendant Cornelius S. Clark as a witness, who denied ever having told the Plaintiff that he was in partnership with Oscar as stated in the Plaintiff's testimony. He was then asked whether he was ever in partnership with said Oscar in the business in which the Plaintiff had been employed; and whether he and said Oscar as partners or otherwise ever employed the Plaintiff to do any work? These questions were severally objected to by the Plaintiff as irrelevant and immaterial, and ruled out by the Court; to which exception was taken. The Defendants next offered to prove that the Plaintiff had stated under oath in a certain other action, that he did not know which of the Clarks he had done the work for, nor whether he had commenced suit therefor against C. S. Clark alone, or C. S. Clark & Co. To this also the Plaintiff objected. The objection was sustained by the Court and the Defendants excepted.

The testimony being closed, the Court submitted the case to the jury, with the charge or instruction "that for the purpose of this action, the partnership of the Defendants is admitted as stated in the complaint." To this charge the Defendants excepted. The jury found for the Plaintiffs to the amount claimed in the complaint, and the Defendants appeal from the judgment entered thereon.

We think the Court erred, not only in rejecting the evidence offered to negative the partnership, but also in the instruction given to the jury. The Court naturally fell into this

error from treating the denial of this answer as amounting only to the general issue; and the objection that the Defendants were not in partnership, as a mere plea to the disability of the person of the Defendants, which, according to the old rules of pleading at common law, would be waived, or renounced by the plea of the general issue. Under the old system, the general issue, though ,in some actions, as in assumpsit and trespass on the case, amounting to almost a denial of the whole declaration, was in others, as in covenant, debt, detinue, replevin and trespass, merely a denial of the principal fact upon which the declaration was founded. It was but natural therefore that the Courts should hold that all traversable allegations not coming fairly within the principal fact thus denied, should be taken as confessed, under the rule that " *every pleading is taken to confess such traversable matters alleged on the other side as it does not traverse.*" *Steph. on Plead.*, 217. We have however no such plea as that of the general issue. The denial in general terms of each and every allegation of the complaint, is not confined in any case to a denial of the principal fact on which the complaint is founded, but is equivalent to a denial of each material allegation thereof, just as though the pleader had traversed the several allegations in detail. Such is the plain interpretation of a denial in these terms, if not indeed almost the exact language. The Defendant denies each and every allegation of the complaint. And if each and every of such allegations are untrue, we do not see why the Defendant may not say so at once, and put the Plaintiff to the proof of each, as effectively as by denying the several allegations specifically and in detail. At any rate it is now too late to debate of the sufficiency of such a general denial, as this Court has repeatedly recognized it as sufficient under our system. It goes to each and every fact alleged. It cannot be said to admit the existence or truth of one allegation more than another—to admit indeed the truth of anything alleged. It is a denial of all, or of none, and must therefore effectually put in issue each specific allegation, or else it is an insufficient traverse of any and every fact alleged.

Now had the Defendants specifically and in detail denied

the allegations of the complaint, it would not, I think, have been seriously contended that such an answer did not put in issue the partnership as well as the joint promise or contract alleged, and unless the issue, as to the partnership, was immaterial, it will be admitted, I think, that the Plaintiff would have been obliged to maintain it, by proofs, or have failed in the action.

Let us then examine as to the materiality of the issue of partnership on the part of the Defendants. In the case of *Irvine vs. Myers & Co.*, 4 *Minn.*, 229, this Court held that an allegation of partnership, whether as to the Plaintiffs or Defendants, was a material allegation, which, if, denied, formed an issue proper to be submitted to the jury. But let us look at the present case without regard to the fact that the question has been to a certain extent decided in the case just referred to. It possibly was not necessary for the Plaintiff to have alleged the partnership of the Defendants; yet as the Defendants are sued jointly, and the Plaintiff established the fact himself, that the contract alleged was made with but one of the Defendants only, and that no mention was made at the time of any partnership, or any other person being interested with him, it then became absolutely necessary to the right of the Plaintiff to recover against the other Defendant, or to recover at all, that a partnership or other joint interest in the contract should be proved, for without evidence of this sort the Plaintiff would have failed to establish the contract on which he sued. The Defendants are sued jointly upon a joint contract, and are liable jointly, if liable at all, as the pleadings now stand. Therefore whether the partnership were alleged or not, so soon as facts were established which made it necessary to the Plaintiff's recovery that a partnership should be proved, it became equally important to the Defendants that they should be permitted to disprove it. Such indeed seems to have been the view taken by the Plaintiff's attorney, for he is particular, in order to hold both the Defendants, to offer evidence of partnership, but no sooner does the defence attempt to prove that there was no partnership, and therefore that there was no such contract as alleged in the complaint, than they are stopped, under the objection of

the Plaintiff, and the jury are afterwards instructed that the partnership is admitted as alleged in the complaint,—thus in effect taking the case from the jury, and depriving the Defendant who did not personally contract with the Plaintiff of all right to disprove the only fact by which he, or his co-defendant could be held in that action, although the Plaintiff had expressly alleged and attempted to prove the fact; and the Defendants had put the allegation in issue, as we have held, by denying each and every allegation of the complaint.

But suppose that the Plaintiff had not alleged the partnership of the Defendants, and the general denials of the answer in this case amounted to the old general issue and no more, even then the Plaintiff would have wholly failed in his action unless he could have shown that the Defendants were in partnership or otherwise jointly interested in the business or transaction in which the contract declared on was made. For in an action *ex contractu* against several, it must appear, (unless their contract was several as well as joint,) not only on the face of the pleadings that their contract was joint, but that fact must also be proved on the trial. 11 *John.*, 101; 15 *Wend.*, 317; 3 *Conn.*, 198; 32 *Eng. C. L. Rep.*, 530. So that it would appear that the defence, that the Defendants did not as partners or otherwise jointly make the contract declared upon, was not even at common law confined to a plea in abatement, but might be taken advantage of under the general issue; the Plaintiff being obliged to prove the joint contract as alleged, or fail in his action.

The Plaintiff however, if we understand the drift of his point, urges that the rule is different under our statute. We see no foundation for such a claim, unless it be found in *Sec.* (168), *Comp. Stat.*, 554, which provides that in an action against several Defendants, the Court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper. A similar, we may say the same provision is to be found in the New York and in the California Code. In the former State the Courts have decided that this section was intended to authorize the Court, after the distinctions between actions at law and suits in equity were abolished, to apply the

chancery rule to actions under the code, but that in actions founded upon legal principles, sounding in contract, except in the cases provided by statute, where the Defendants hold different relations to the Plaintiffs as the several parties to a promissory note, the recovery must be against all or none; that in such cases the old rule was not changed. *Merrifield vs. Cooley*, 4 *Pr. R.*, 272; 6 *Pr. R.*, 259; 1 *Code Rep. N. S.*, 411; *ib.*, 340. In California the courts seem to have decided both ways. *Rowe vs. Chandler*, 1 *Cal. Rep.*, 167; *Sterling vs. Hanson*, *ib.*, 478. New York makes a point upon the fact that the first paragraph of the section is qualified by the last, which allows the judgment so to be entered, *"whenever a several judgment may be proper,"* and holds that, as the Code has not declared when such a judgment is proper, it is therefore to be settled by the former practice. *See cases above referred to.* And it may be said that our Code, by *section* (172), *Comp. Stat.*, 554, does declare when such a judgment is proper, and therefore that in this State we are not to settle the question by the former practice, as they do in New York. We do not think the section referred to changes the old rule, or creates any necessity for a change. The language is as follows :

" Though all the Defendants may have been served with the summons, judgment may be taken against any of them severally, when the Plaintiff would be entitled to judgment against such Defendants, if the action had been against them alone."

This is simply declaring that where on the contract or state of facts set out in the complaint, an action might have been maintained against a portion only of those liable thereon, the Court may render judgment against such Defendants, notwithstanding others may have been joined in the action with them, against whom a recovery cannot be had. It would apply to all cases where the same allegations, or the same contract as alleged, would constitute a cause of action against a portion only of those sued, or against the Defendants severally. But we would be loth to extend it so as to infringe upon the old established and wholesome doctrine before alluded to : that where the action is upon a joint contract only

a recovery must l e had against all or none. Certainly in such a case a recovery should not be allowed against a portion only of those sued, without an amendment of the pleadings so as to make the allegations justify a recovery against less than the whole.

The judgment of the District Court is reversed, and the case remanded for a new trial.