HENRY C. FOGLE, Administrator, vs. JACOB SCHAEFFER.

February 2, 1877.

Action by Foreign Administrator—Effect of General Denial in Answer.—In an action purporting to be brought by plaintiff as a foreign administrator, allegations in the complaint to the effect that plaintiff has been duly appointed such foreign administrator, and has duly filed in the proper probate court of this state a duly authenticated copy of his appointment, are put in issue by an answer denying the complaint, and "each and every part and portion thereof." *Fetz* v. *Clark*, 7 Minn. 217, followed.

Same—Copy of Appointment must be Filed before Suit Brought.—Under Gen. St. c. 77, § 6, it is necessary for a foreign administrator to file in the proper probate court a duly authenticated copy of his foreign appointment before the commencement of an action as such administrator. His failure to file, before the commencement of an action, cannot be cured. (if proper objection is taken) by a filing after such commencement.

At the trial in the court of common pleas of Hennepin county, before *Young,* J., (a jury being waived,) the defendant, at the close of plaintiff's case, moved for a dismissal, on the ground that the plaintiff's allegations of his appointment as a foreign administrator, and of the filing of such appointment in the probate court of Hennepin county, were put in issue by the answer, and no evidence had been offered to prove them. The motion was denied, the defendant excepting. No evidence was offered by the defendant, and thereafter the court ordered judgment for plaintiff. A new trial was refused, and defendant appealed.

*Cross & Hicks,* for appellant.

*Shaw & Levi* and *Woods & Merrill,* for respondent.

BERRY, J. This is an action brought in the court of common pleas of Hennepin county, upon a judgment against the defendant recovered in Stark county, Ohio, by Frances Fogle, as administratrix of the estate of Lewis Fogle, deceased. The complaint alleges that, "after the recovery of the judgment, said Frances Fogle, administratrix, departed this life, and this plaintiff was, thereupon, to wit, on or about April 14, 1875, duly appointed and quali-

fied, by and in the probate court of said county of Stark, as administrator *de bonis non* of the estate of said Lewis Fogle, deceased, and has since been and now is such administrator ; that, before the commencement of this action, this plaintiff duly filed in the probate court of said county of Hennepin a duly authenticated copy of his appointment as such administrator.'' For answer to the complaint the defendant " denies the same, and each and every part and portion thereof.'' The question in the case is whether the answer puts in issue the foregoing allegations of the complaint as to the plaintiff's character as administrator, and his right to bring this action.

The rule upon the subject involved in this question is correctly stated in *Fetz* v. *Clark*, 7 Minn. 217, as follows : '' The denial, in general terms, of each and every allegation of the complaint is not confined in any case to a denial of the principal fact on which the complaint is founded, but is equivalent to a denial of each material allegation thereof, just as though the pleader had traversed the several allegations in detail.'' The decision in which this rule is found was made in 1862, and it was preceded by earlier decisions of this court in the same direction. Substantially the same rule is laid down in *Kingsley* v. *Gilman*, 12 Minn. 515. We are not aware that it has been departed from in this court. It is, therefore, not only a well-established rule, but we think it is a correct rule. The reasons given for it in *Fetz* v. *Clark* are quite satisfactory. See, also, *Boston Relief & Submarine Co.* v. *Burnett*, 1 Allen, 410 ; *Gott* v. *Adams Express Co.*, 100 Mass. 320. It follows that the allegations of the complaint, in reference to the plaintiff's character as administrator, and his right to bring this action, being material allegations, were put in issue by the answer in this case.

There is another question which was fully argued in this court, and which we are requested to pass upon, with reference to future proceedings in the case. Gen. St. c. 77, § 6,

v.23m—20

enacts that " any administrator or executor, duly appointed in any other state or county, may commence and prosecute any action in any court of this state, in his capacity of executor or administrator, in like manner, and under like restrictions, as a resident may do ; *provided*, that, before commencing any action, an authenticated copy of his appointment as such executor or administrator is filed in the probate court of the county in which such action is to be commenced." The question is whether a failure to file the authenticated copy of appointment, *before* the commencement of an action, can be cured by filing such copy *after* the commencement of the action, so that the action can properly proceed, defendant objecting.

This question must be answered in the negative. As remarked by Mr. Justice Field, in *Noonan* v. *Bradley*, 9 Wall. 394, in speaking of foreign administrators : " In the absence of any statute giving effect to the foreign appointment, all the authorities deny any efficacy to the appointment outside of the territorial jurisdiction of the state within which it was granted. All hold that, in the absence of such a statute, no suit can be maintained by an administrator in his official capacity, except within the limits of the state from which he derives his authority." As, upon this principle, the authority of a foreign administrator, as such, to commence an action in this state is wholly dependent upon the statute, it follows that he must commence his action upon the terms which the statute prescribes, and not otherwise. If he commences an action upon any other terms, he commences it without authority, and, if proper objection is taken, his action must fail. He must, therefore, file the prescribed authenticated copy *before* the commencement of his action, and his failure to do so, if properly objected to, is fatal, and cannot be cured by a filing after the commencement of his action.

Order reversed, and new trial awarded.