**Ida Marie LOWRANCE, Administratrix of the Estate of John Edward Lowrance, Deceased, Plaintiff,**

v.

**CENTRAL ILLINOIS PUBLIC SERVICE COMPANY, a corporation, Defendant.**

Civ. No. 3958.

United States District Court
E. D. Illinois.

April 24, 1958.

Listeman & Bandy, East St. Louis, Ill., for plaintiff.

Pope & Driemeyer, East St. Louis, Ill., and Stevens, Herdon & Nafziger, Springfield, Ill., for defendant.

JUERGENS, District Judge.

This cause of action arises because of the alleged wrongful death of the plaintiff's intestate resulting from alleged negligent acts of the defendant.

Diversity of citizenship is alleged as giving this court jurisdiction. The plaintiff is alleged to be a citizen and resident of the State of Missouri, and the defendant a citizen and resident of the State of Illinois, and the amount in controversy fairly exceeds the sum of $3,000 exclusive of interest and costs.

The complaint and answer have been filed. The matter is now before the court on the plaintiff's motion to strike the second and third defenses set up in the answer.

In the second defense the defendant alleges that the plaintiff and the deceased, John Edward Lowrance, were at the time of the deceased's death and before, residents and citizens of and domiciled in the

State of Illinois; that the deceased was not possessed of any land or other property located in the State of Missouri and whatever claim might exist in favor of the personal representatives of the deceased for damages because of the alleged wrongful death had its situs in the State of Illinois where his death occurred and not in the State of Missouri; that the administration of his estate in the State of Missouri was not required to protect or secure whatever right of action the personal representative of the deceased might have against this defendant; that the appointment by the Probate Court of the City of St. Louis, Missouri, of the plaintiff as administratrix of the decedent estate was not sought and obtained in good faith or because such appointment was required to enable prosecution of the claim herein sued upon, but that the purpose of seeking and obtaining such appointment was to create an apparent diversity of citizenship which would enable plaintiff to invoke the jurisdiction of this court on grounds of diversity of citizenship.

In the third defense the defendant alleges that the Probate Court of the City of St. Louis, Missouri, had no jurisdiction to grant letters of administration to the plaintiff and that her appointment is null and void and, therefore, she cannot maintain an action for wrongful death under the provisions of Section 2 of Chapter 70, Illinois Revised Statutes, 1955.

In applying for letters of administration in the Probate Court of the City of St. Louis, Missouri, the applicant, plaintiff in this suit, asked that court issue letters of administration pursuant to Section 30, subd. 4 of the Probate Code of the State of Missouri, V.A.M.S. § 473.-010(4) that the decedent had no domicile in the State of Missouri and left no property therein, but that administration is necessary in the Probate Court of the City of St. Louis in order to protect or secure a legal right, namely the right of the estate of the decedent to damages for the wrongful death of the decedent and that said right of action for damages

arose under the laws of the State of Illinois and belongs to the executor or administrator of the decedent. Letters of administration were issued out of the Probate Court of the City of St. Louis, Missouri.

Although the capacity of the plaintiff to bring suit is not directly raised by the parties, yet the court is of the opinion that in disposing of the plaintiff's motion to strike the defendant's second and third defenses set up in its answer, it becomes very pertinent to dispose of this issue before proceeding to answer the plaintiff's motion.

The capacity of litigants to sue in the Federal Courts is covered by Rule 17(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provides in pertinent parts as follows:

"(b) * * * the capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases, capacity to sue or be sued shall be determined by the law of the state in which the district court is held."

In the instant case the plaintiff's right to sue in a representative capacity is to be determined by the laws of the State in which the District Court is held, which is, in this case, the State of Illinois.

Letters testamentary or of administration have no extraterritorial force and confer no authority on the representative to administer on property outside of the State or country of his appointment. * * * In the absence of statute, any recognition which the representative may receive outside of the jurisdiction of his appointment is due solely to the principle of comity and each State or country may extend or withhold such recognition according to its own pleasure or policy. 34 C.J.S. Executors and Administrators § 988, p. 1233.

Under common law, an administrator may not maintain an action outside the State of appointment, except by taking out ancillary letters unless the State where suit is brought has a statute permitting foreign administrators to bring suit. Diatel v. Gleason, D.C., 22 F.Supp. 355. There is much authority cited in the cases decided by the courts of the State of Illinois that a foreign administrator is authorized to bring an action or actions for rights accruing to the estate in the State of Illinois. However, in each instance, this right was acquired by statute. Prior to 1939 a foreign executor or administrator was granted power to sue in the State of Illinois under and by virtue of the provisions of Section 43 of Chapter 3, Illinois Revised Statutes, which provided:

"When any person has proved or may prove the last will and testament of any deceased person, and taken on him the execution of said will, or has obtained or may obtain administration of the estate of an intestate in any state in the United States, or in any territory thereof, such person shall be enabled to prosecute suits to enforce claims of the estate of the deceased, or to sell lands to pay debts, in any court in this state in the same manner as if letters testamentary or of administration had been granted to him under the provisions of the laws of this state; Provided, that such persons shall produce a copy of the letters testamentary or of administration, authenticated in the manner prescribed by the laws of congress of the United States for authenticating the records of judicial acts in any one state, in order to give them validity in other states; And, provided, that said executor or administrator shall give a bond for costs as in case of other non-residents."

In 1939 the legislature of the State of Illinois repealed the above statute, effective January 1, 1940, and provided in lieu thereof, Section 419 of Chapter 3, Illinois Revised Statutes, 1939.

Section 419 of Chapter 3, Illinois Revised Statutes, 1939, provides as follows:

"When no letters are issued in this state upon the estate of a *non-resident* decedent or ward an executor, administrator, guardian, or conservator to whom letters are issued on the estate by a court of competent jurisdiction of any state or territory of the United States, may sue in this state in any case in which a resident executor, administrator, guardian, or conservator may sue. The court in which the suit is filed may order the non-resident executor, administrator, guardian, or conservator to give a bond for costs as in cases of other non-residents. If after the proceedings are commenced letters are issued on the estate in this state, upon motion the resident executor, administrator, guardian, or conservator shall be substituted for the non-resident executor, administrator, guardian, or conservator and the court shall hear and determine the *matter as if originally instituted by* the resident executor, administrator, guardian, or conservator and the benefits of the judgment shall inure to and be assets in his hands," (Emphasis supplied.)

This latter statute was in effect at all times pertinent to the cause here under consideration. Although under the earlier statute the power of an administratrix may have been sufficient to afford the plaintiff capacity to maintain this suit, yet, that statute is no longer in effect, and the plaintiff's capacity to maintain this suit is dependent on the present statute. Unless it is found that the foreign administratrix, plaintiff in this suit, is permitted to bring suit under Section 419 of Chapter 3, Illinois Revised Statutes, she has no standing to bring this suit.

It is noted that the Illinois Statute granting power to a foreign executor, administrator, or in this case, an administratrix, to sue is limited to representatives of *non-resident* decedents.

The Illinois statute granting the power to a foreign administrator to bring suits generally does not apply under the present state of facts, since it clearly appears that the decedent was a resident of the State of Illinois prior to and at the time of his death and being a resident, the representative of his estate does not come within the provisions of Section 419 of Chapter 3, Illinois Revised Statutes, 1955.

Since the court finds the plaintiff does not have the legal capacity to maintain this suit, it is, therefore, unnecessary to further consider the motion of the plaintiff to strike the defendant's second and third defenses.