Jo-Anne LANGFORD, Andrea Langford, and Stephen Langford, minors, by Caroline Lenore Langford, their mother and natural guardian and Caroline Lenore Langford, individually and as Executrix of the Estate of Cyril Charles Langford, Decedent, Plaintiffs,

v.

Carol S. MERICKEL as Administratrix of the Estate of Maurice L. Merickel, Jr., also known as Pat Merickel, Decedent, Defendant.

No. 4-61-Civ-53.

United States District Court
D. Minnesota.
Fourth Division.
Dec. 1, 1961.

O. C. Adamson, Minneapolis, Minn., for plaintiffs.

Kenneth W. Green and Frederick W. Thomas, Minneapolis, Minn., for defendant.

DEVITT, Chief Judge.

This action arises out of the crash of a light airplane in Ontario, Canada on March 6, 1960, in which both occupants were killed.

Plaintiffs are residents of Ontario and defendant is a resident of Minnesota. The requisite jurisdictional amount and diversity are pleaded.

The matter is before the court on defendant's motion in the alternative for dismissal or for summary judgment upon the ground that plaintiffs do not have the capacity to sue.

Defendant contends that the plaintiffs lack capacity to sue because plaintiff, Caroline Lenore Langford, failed to file an authenticated copy of her appointment as executrix of the estate of Cyril Charles Langford in the Probate Court of the appropriate county in Minnesota. In connection with this contention, it is pointed out that Section 573.05 of the Minnesota Statutes reads as follows:

> "Any foreign executor or administrator may commence and prosecute an action in this state, in his representative capacity, in the same manner and under the same restrictions as in case of a resident. Before commencing such action he shall file an authenticated copy of his appointment as executor or administrator with the probate court of the county in which such action is to be commenced."

Plaintiffs have stated two claims in the one complaint. The first claim is

made pursuant to The Trustee Act, Revised Statutes of Ontario, Chapter 261. It is in the nature of an action for personal injuries and property damages to the decedent. The second claim is for wrongful death and is made pursuant to The Fatal Accidents Act, Revised Statutes of Ontario, Chapter 138. Each will be considered separately.

Under The Trustee Act, an executor is authorized to bring the action, and the damages, when recovered, are to form part of the personal estate of the deceased. R.S.O. c. 261, § 1.

Defendant argues that before this action could be brought, it was necessary for the executrix, Caroline Lenore Langford, to comply with M.S.A. § 573.05, supra, and file an authenticated copy of the letters of appointment.

It is not denied that an authenticated copy of plaintiff's appointment as executrix was not filed in a Minnesota Probate Court, but plaintiff urges that this statute is inapplicable to the action brought under The Trustee Act.

There are a number of Minnesota cases which have considered the application of M.S.A. § 573.05. One of the earlier ones is Fogle, Administrator, v. Schaeffer, 23 Minn. 304 (1877). There an Ohio administratrix was suing in Minnesota on a judgment obtained in Ohio. The Court, referring to a statute similar to § 573.05, said at p. 306:

"As upon this principle, the authority of a foreign administrator, as such, to commence an action in this state is wholly dependent upon the statute, it follows that he must commence his action upon the terms which the statute prescribes, and not otherwise. If he commences an action upon any other terms, he commences it without authority, and if proper objection is taken, his action must fail. He must, therefore, file the prescribed authenticated copy *before* the commencement of his action, and his failure to do so, if properly objected to, is fatal,

and cannot be cured by a filing after the commencement of his action."

In the case of Babcock, et al. v. Collins, 60 Minn. 73, 61 N.W. 1020 (1895) the Court was again referring to the same statute and said at p. 1021:

"Our statute expressly recognizes the right of a foreign executor thus to intermeddle in the estate found in this state. Section 6, c. 77, Gen. St. 1878, * * * provides that he may prosecute an action in this state in his capacity as foreign executor if, before commencing the same, he files in the probate court of the county in which the action is commenced an authenticated copy of his appointment as such executor * * *."

In Bowen v. Willard, 203 Minn. 289, 281 N.W. 256, 258 (1938), in reference to the statute, the Court said:

"The statute, recognizing the want of power and capacity of foreign executors and administrators to act within our jurisdiction, as an act of comity confers upon them the right to sue in our courts." (cases cited).

The cases cited above involved actions brought by foreign representatives wherein probate assets were involved. There are no cases involving actions similar to that brought here, but the case of State ex rel. Bossung v. District Court, 140 Minn. 494, 168 N.W. 589, 590, 1 A.L.R. 145 (1918) does indicate that the statute applies to wrongful death actions. There the Court said:

"So we have held that a cause of action given by the statute of another state for death by wrongful act, though differing from ours, if not contrary to its policy, will be enforced here. (Cases cited.) This is the rule prevailing everywhere. It is the policy of the state, as evidenced by our decisions, to enforce such causes of action. *It is the policy, as evidenced by our statute, which permits a foreign*

---

---

**Content:**

---

*executor of administrator to maintain such an action.* G.S.1913, § 8178." [Emphasis supplied.]

The statute referred to in the Bossung case is substantially similar in wording to § 573.05.

Under the common law, it was generally held that an executor or administrator could not sue in his representative capacity outside of the state of his appointment. Lowrance v. Central Illinois Public Service Co., D.C., 161 F.Supp. 656; Noonan v. Bradley, 76 U.S. 394, 9 Wall. 394, 19 L.Ed. 757 (1869); Fogle, Administrator, v. Schaeffer, 23 Minn. 304, 306 (1877). Our legislature has removed this disability by the enactment of Sec. 573.05 and its predecessor statutes. But, since the statute is in derogation of the common law, it must be complied with strictly as is emphasized by the Fogle, Babcock and Bowen cases, supra.

In view of the failure of the executrix to comply with the statute, the claim brought under The Trustee Act is dismissed.

The second claim, under the Fatal Accidents Act is brought for the "benefit of the wife, husband, parent and child of the person whose death was so caused," and in the name of the executor or administrator. R.S.O. c. 138, § 3. The Act also provides:

"If there is no executor or administrator of the deceased, or *there being such executor or administrator, no such action is within six months after the death of the deceased, brought by such executor or administrator, the action may be brought by all or any of the persons for whose benefit the action would have been if it had been brought by such executor or administrator.*" R.S.O. c. 138, § 7(1). [Emphasis supplied.]

This action was started by those beneficially interested on March 3, 1961, more than the required 6 months after death. It is well established that, as a matter of comity, the right of action provided for by the Fatal Accidents Act may be brought in this court. Powell v. Great Northern R. Co., 102 Minn. 448, 113 N.W. 1017 (1907).

Defendant urges as grounds for dismissal of this claim that the executrix has not refused to bring the action, and that such refusal is a condition precedent to the bringing of the action by the family members. But the statute does not so provide. The only statutory requirement is the expiration of 6 months time after death. That has been satisfied, and so the wife and children as individuals are proper parties plaintiff in their individual capacities. It was the failure of the Court to appreciate that these family members were also suing in their individual capacities that resulted in the filing of the previous order, subsequently withdrawn, dismissing both claims of the plaintiffs.

The motions for summary judgment and to dismiss the claim brought under the Fatal Accidents Act are denied.