**Danny GREENSTREET, individually and as Guardian and Conservator of Brian Eugene Greenstreet, a minor, Plaintiff,**

v.

**J. D. SIMMONS and the Community Memorial Hospital, Defendants.**

**Civ. A. No. RI–368.**

United States District Court,
S. D. Illinois, N. D.

April 12, 1972.

Joseph T. McGuire, Chicago, Ill., for plaintiff.

Isador I. Katz, Rock Island, Ill., for Simmons.

Virgil Bozeman, Moline, Ill., for Community Mem. Hosp.

DECISION AND ORDER

ROBERT D. MORGAN, District Judge.

This is a medical malpractice suit filed by plaintiff Danny Greenstreet, both in his own right and as guardian and conservator for his infant son Brian, age 3 years. The defendants are the hospital and treating physician. Both defendants contend that no diversity jurisdiction exists, and plaintiff's capacity to sue in this court as guardian has also been questioned.

From the pleadings and affidavits on file, the following facts appear. Danny Greenstreet is a resident of Iowa and was appointed guardian and conservator

of Brian Greenstreet on December 14, 1971 by an Iowa state court. Brian Greenstreet resides with his mother in Illinois, and resided here on December 14, 1971. The complaint herein was filed on December 30, 1971. Both defendants are citizens of Illinois.

Rule 17(b), Fed.R.Civ.P., requires that the capacity to sue in a representative capacity be determined by the law of the state in which the district court is held, here Illinois.[1] Thus the threshold issue in this case is whether, under Illinois law, an Iowa resident appointed by an Iowa court to be guardian of an Illinois ward can sue in the Illinois courts. The court holds that he cannot.

At common law a personal representative's capacity to sue was limited to the state of his appointment. 39 C.J.S. Guardian and Ward § 190 (1944); 34 C.J.S. Executors and Administrators § 1008 (1942). Several early Illinois statutes altered the common law rule. One statute allowed non-resident executors and administrators of resident or non-resident decedents to sue in Illinois courts, if no personal representative had been appointed by the Illinois courts. Ill.Rev.Stat. ch. 3, §§ 43, 44 (1937). A similar provision relating to non-resident guardians, however, limited authority to sue to non-resident guardians of *non-resident wards*. Ill.Rev.Stat. ch. 64, §§ 44–46 (1937). The present Illinois Probate Act continues to allow only non-resident guardians of non-resident wards to sue in Illinois courts. Ill.Rev. Stat. ch. 3, § 265 (1971). (Indeed, that section now applies the same rule to executors and administrators, so the Probate Act is more restrictive in that regard than the prior statutes.)

Thus it is clear that plaintiff has no capacity to sue as guardian for his son in the Illinois courts. Consequently, under Rule 17(b), Fed.R.Civ.P., he may not sue as guardian in this court. See Lowrance v. Central Illinois Public Service Co., 161 F.Supp. 656 (E.D.Ill.1958). See generally James, Illinois Probate Law and Practice § 265.1 (1951, Supp. 1972).

Although the capacity issue fully disposes of plaintiff's suit as guardian, the court is also of the opinion that the facts surrounding the Iowa guardianship proceeding may disclose an attempt to "manufacture" federal jurisdiction, which, under 28 U.S.C. § 1359, would not have been successful.

There remains for consideration plaintiff's suit in his own right. As an individual plaintiff seeks compensation for past and future medical expenses and for the loss of companionship and services of his son. Although the complaint alleges very substantial damages, it fails to divide them between plaintiff's individual and representative capacities. In view of the facts that the son does not reside with the plaintiff and that no specific payments or expenses on the child's behalf are alleged, it is apparent to the court that the individual plaintiff's personal damages, if any, are highly speculative at best. It seems apparent, in any event, that such damages could not approach the jurisdictional amount required by 28 U.S.C. § 1332. Consequently, this court has no subject matter jurisdiction over plaintiff's suit in his own right.

Accordingly, it is ordered that this case be and the same is hereby dismissed, without prejudice to any cause of action in a proper forum.

[1]. Although Fed.R.Civ.P. 17(c) appears at first blush to be inconsistent with Rule 17(b), the court believes that Rule 17(b) is controlling. See 6 Wright & Miller, Federal Practice and Procedure § 1571 (1971).