Deborah **PEARSON**, Administratrix of the Estate of Charles L. Pearson, IV, Plaintiff,

v.

Marie Burke **ROBINSON**, Robert Lyle Robinson, Dallas County, Dennis Patrick, Kim Chapman, Ace Fogdall, Eaz-Lift Spring Corp., Royals International, A Division of Carriage, Inc., and Carriage, Inc., Defendants.

No. 66382.

Supreme Court of Iowa.

April 21, 1982.

Robert C. Dopf of Binford & Dopf, P.C., Des Moines, for plaintiff.

Jeff H. Jeffries of Hopkins & Huebner, Des Moines, for defendants Mary Burke Robinson and Robert Lyle Robinson.

Richard G. Santi of Ahlers, Cooney, Dorweiler, Haynie & Smith, Des Moines, for defendants Ace Fogdall, Inc. and James S. Fogdall.

James A. Lorentzen of Patterson, Lorentzen, Duffield, Timmons, Irish & Becker, Des Moines, for defendants Dallas County, Dennis Patrick, and Kim Chapman.

Richard G. Langdon and Ross G. Walters of Herrick, Langdon & Langdon, Des Moines, for defendant Eaz-Lift Spring Corp.

Kent M. Forney of Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, for defendants Royals Intern. and Carriage, Inc.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, McCORMICK and McGIVERIN, JJ.

LeGRAND, Justice.

This matter arises out of a wrongful death action commenced in the United States District Court pursuant to 28 U.S.C. § 1332. The plaintiff is administratrix of the estate of Charles L. Pearson, IV, who was fatally injured in an automobile accident which occurred in Iowa. At the time of his death, decedent was a resident of Missouri, where his estate is being probated.

Defendant Marie Burke Robinson was the driver of the other vehicle involved in the accident. There are a number of other defendants, nine in all. Their status and the separate allegations of negligence against them are unimportant to the issue before us.

■ The defendants filed various motions in federal court, asking dismissal of plaintiff's action because she had failed to comply with sections 633.148 and 633.149, The Code 1981, which required filing of a certified copy of her appointment and bond "at the time of commencing [the] action." Because there has been no construction of these statutes by this court, the Honorable W. C. Stuart, United States District Judge, certified the following question for our determination as is authorized by section 684A.1, The Code 1981:

> Is an action for the wrongful death of a foreign decedent barred by the Iowa Statute of Limitations when the duly appointed foreign fiduciary fails to file her letters of appointment and bond at the commencement of such action as required by Iowa Code sections 633.148 and 633.-149, but does file such appointment and bond after the statute of limitations has run?

The certification order included a statement of the following facts to be accepted in making our determination:

> Plaintiff is the duly appointed, qualified and acting administratrix of the estate of Charles L. Pearson, IV, under appointment by the probate court of Jackson County, Missouri. She filed a petition for the wrongful death of her decedent in the United States District Court but failed to com-

ply with the conditions of section 633.149, The Code 1981, concerning filing authenticated copies of the appointment and bond at the time of commencing action. The authenticated copies required by the statute were filed later, after the statute of limitations had run.

This is a case of first impression. Defendants rely heavily on *Mann v. DeMoss*, 323 F.Supp. 1126 (D.C.S.D. Iowa 1971), which held a violation of this provision was fatal to a cause of action. In the present case we cannot agree with *DeMoss*, and we hold plaintiff's failure to file an authenticated copy of appointment and bond until after the statute of limitations had run does not entitle defendants to a dismissal.

Our resolution of this case calls for construction of the two related statutes already referred to. We set them out here:

633.148—When there is no administration of an estate nor a petition therefor pending, in this state, a foreign fiduciary may maintain actions and proceedings in this state subject to the requirements and conditions imposed upon nonresident suitors generally.

633.149—At the time of commencing any action or proceeding in any court of this state, the foreign fiduciary shall file with the court an authenticated copy of his appointment, and of his official bond, if he has given a bond. If the court believes that the security furnished by him in the domiciliary administration is insufficient to cover the proceeds of the action or the proceeding, or for any other reason or cause, it may at any time order the action or proceeding stayed until sufficient security is furnished in the action or proceeding.

■ We first review the general principles of statutory construction. We seek, above all else, to determine legislative intent. *American Home Products Corp. v. Iowa State Board of Tax Review*, 302 N.W.2d 140, 142 (Iowa 1981); *Hartman v. Merged Area VI Community College*, 270 N.W.2d 822, 825 (Iowa 1978). We consider the language used, the object to be accom-

plished, the evils and mischief sought to be remedied, and, if possible, place a construction on the statute which will effect its purpose rather than defeat it. *Shidler v. All American Life & Financial Corp.*, 298 N.W.2d 318, 321 (Iowa 1980). We avoid strained, impractical, and absurd results. *Hamilton v. City of Urbandale*, 291 N.W.2d 15, 19 (Iowa 1981). These rules are particularly cogent when, as here, we consider a legislative enactment for the first time. *Northern Natural Gas Co. v. Forst*, 205 N.W.2d 692, 695 (Iowa 1973); *Wilson v. Iowa City*, 165 N.W.2d 813, 822 (Iowa 1969).

Applying these rules to the present case, we are convinced plaintiff may maintain this action despite her failure to comply literally with section 633.149, The Code.

■ In reaching this conclusion, we view sections 633.148 and 633.149 together as related statutes. The right of a foreign fiduciary to sue in our courts is statutory. No right to do so existed at common law. By enacting section 633.148, Iowa has given foreign fiduciaries access to our courts, subject only to the "same restrictions imposed upon nonresident suitors generally." It is only section 633.149 which makes that right conditional by requiring the foreign fiduciary to furnish proof of appointment and bond. At least one purpose of section 633.-149 is to assure financial responsibility for the proper distribution of Iowa assets. This purpose may be accomplished just as well when the statute is complied with after commencement of suit as when the statute is observed literally.

■ Defendants urge us to adopt both the rationale and result of *DeMoss*, which, under circumstances almost identical with those in the instant case, held failure to comply with section 633.149 was fatal to the cause of action. 323 F.Supp. at 1130. Indeed defendants argue *DeMoss* is "controlling" here; but, of course, it isn't. Although we give federal decisions deference and consideration, absent federal constitutional issues, we have the final say in interpretating Iowa statutes.

The *DeMoss* decision proceeded on two main premises, neither of which we can accept. First, the court found sections 633.-148 and 633.149 must be strictly construed because they "were in derogation of common law," citing *Langford v. Merickel,* 199 F.Supp. 424 (D.C.Minn.1961). *Langford* was based on Minnesota law; but we do not follow that rule. *See Lamasters v. Snodgrass,* 248 Iowa 1377, 1384, 85 N.W.2d 622, 626 (1957) (statute in derogation of common law should be liberally construed to promote its objects). § 4.2, The Code 1981.

■ We have held, it is true, that a statute should not be construed as taking away an existing common law right unless that result is "imperatively required." *Jansen v. Harmon,* 164 N.W.2d 323, 328 (Iowa 1969); *Bradshaw v. Iowa Methodist Hospital,* 251 Iowa 375, 388, 101 N.W.2d 167, 174 (1960). In the present case, however, the statute does not take away an existing right; rather it confers a new one.

Our second reason for not accepting the *DeMoss* rationale is that—except for *Langford v. Merickel* referred to earlier—the cases relied on as authority are cases in which either the fiduciary had not qualified in the domiciliary state or a foreign fiduciary was barred from suing in the state where the suit was brought. These cases are not persuasive on the question before us. Here the plaintiff *had* qualified in Missouri and Iowa *does* permit suit by foreign fiduciaries.

We point out the *DeMoss* court recognized the uncertainty of predicting "what the Supreme Court of Iowa would do" if it were to decide the issue. It decried the fact that because there were then no certification procedures the court was required to "render its best judgment as to how nine other judges would act." 323 F.Supp. at 1130.

We do not believe the legislature intended the harsh consequences for which defendants argue. Significantly a foreign fiduciary may sue even if no bond has been furnished in the domiciliary state or if the court finds the bond to be inadequate. In such cases the statute authorizes the court in which suit is brought to stay proceedings until a sufficient bond is furnished. We are convinced this reasonable and practical interpretation should be adopted under the circumstances of the present case. This would serve the purposes of the statute without prejudice to the defendants.

■ We recognize the use of the word "shall" in section 633.149 imposes a duty on plaintiff. § 4.1(36)(a), The Code. That alone, however, does not mean the obligation is mandatory. *See generally Taylor v. Dept. of Transportation,* 260 N.W.2d 521, 522–24 (Iowa 1977).

Although *Taylor* was concerned with the duty imposed by statute on public officers, much of what we said there is applicable here as well. As in *Taylor,* the time of performing the statutory duty in the present case is not "essential to the main purpose of the legislation" nor did delay in complying with the statute prejudice the defendants. After considering sections 633.148 and 633.149 in their entirety, including the absence of statutory sanctions and the readiness with which compliance can be had, we decline to say the legislature intended the severe sanction of dismissing the case.

■ We have not overlooked defendants' argument that the legislature's failure to amend section 633.149 in the ten-year interval since *DeMoss* was decided is evidence it accurately construed the statute. We believe the presumption from legislative silence arises only when this court has construed an Iowa statute. *See State v. Sheffey,* 234 N.W.2d 92, 97 (Iowa 1975); *State v. Dunham,* 232 N.W.2d 475, 476 (Iowa 1975); *State v. Stueve,* 260 Iowa 1023, 1027, 150 N.W.2d 597, 599–600 (1967).

Under the facts certified to us, we hold the plaintiff's action is not barred by the Iowa Statute of Limitations. Costs are assessed against the defendants.

The clerk of this court is directed to notify the certifying court and the parties of this opinion in accordance with section 684A.7, The Code 1981.

CERTIFIED QUESTION ANSWERED.