**Murray DRAKE, John Merriman, and the Polk County Republican Central Committee, Appellees,**

v.

**POLK COUNTY BOARD OF SUPERVISORS and James Maloney, Polk County Auditor, Appellants,**

**and**

**Sam Anania, Intervenor.**

**No. 68496.**

Supreme Court of Iowa.

Nov. 23, 1983.

Norman Jesse, Des Moines, for appellants.

Jeffrey G. Flagg (sole practitioner), William D. Scherle of Hansen, McClintock & Riley, and Ralph R. Brown of McDonald, Keller & Brown, Dallas Center, Des Moines, for appellees.

James E. Brick, Des Moines, for intervenor.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McCORMICK and McGIVERIN, JJ.

HARRIS, Justice.

This is a dispute over the tenure of elected county supervisors as the aftermath of redistricting. The trial court directed a new election to select a supervisor to represent a redefined district in which two of

the supervisors live. We affirm the trial court.

Polk county is organized according to supervisor representation plan "three" under which the board is comprised of five supervisors elected from single member, equal population districts. The supervisors must reside in the district they represent. *See* Iowa Code §§ 331.210 and 331.207(3) (1983).

Plaintiff Murray Drake was elected to a four year term from one of the districts in 1978. His term was to expire in January 1983. Intervenor Sam Anania was elected to a four year term from another district in 1980. His term was to expire in January 1985.

After the 1980 federal decennial census the board was required to redraw the boundaries of the five districts pursuant to 1981 Iowa Acts chapter 117, sections 208 and 209 (current version at Iowa Code sections 331.209 and 331.210 (1983)).[1] At the time material to this suit section 331.209(1) provided:

Before November 1 of the nonelection year following each federal decennial census the board shall divide the county into a number of supervisor districts corresponding to the number of supervisors in the county. However, if the plan is selected pursuant to section 331.207, the board shall divide the county before March 15 of the election year. The supervisor districts shall be drawn, to the extent applicable, in compliance with the redistricting standards provided for legislative and congressional districts in section 42.4. If more than one incumbent supervisor resides in the same supervisor district after the districts have been redrawn following the federal decennial census, the terms of office of those supervisors shall expire on the second day of January that is not a Sunday or a holiday following the next general election.

In compliance with this mandate the Polk county board of supervisors authorized the League of Women Voters to propose a num-

1.  1981 Iowa Acts ch. 117, § 208 was amended by 1982 Iowa Acts ch. 1091, § 4. The 1982 amendment does not affect the determination of this appeal.

ber of alternative redistricting plans in conformance with statutory requirements. The board agreed to select one of the plans without amending it. The league thereafter presented eighteen different plans together with maps and supporting data.

In February 1982 the board adopted one of the proposed plans. Under this plan Drake and Anania were placed in the same district. The board also adopted a resolution which stated:

> that where two incumbent supervisors reside in the same ... district ... one of whom [was] elected ... for a four year term expiring [in] January, 1983 [Drake] ... and one of whom [was] ... elected for a four year term expiring [in] January, 1985 [Anania], ... then in accordance with the last full sentence in section 208(4), chapter 117, acts of the 69th GA, the supervisor whose term expires in January, 1985 [Anania] shall represent the district during the balance of that term.

Drake is of one political party; the other four board members, including Anania, were of the other. Drake was outvoted four to one.

Drake and his political party brought this action for declaratory judgment and mandamus against the board. Anania intervened. In April 1982 the trial court concluded:

(1) the challenged resolution violated Iowa Code section 331.209(1);

(2) under section 331.209(1) the terms of both Drake and Anania expire in January 1983 and a new election must be held to select a new supervisor;

(3) the provisions of section 331.209 control over other apparently conflicting code sections; and

(4) in order to comply with a statutory requirement for staggered terms of various board members the term of either district five (Drake and Anania's district) or district three is to be for two years, commencing in January 1983. The district with the shorter term is to be decided by lot.

The board and Anania appealed. The ordered election was held. Anania lost in the primary and Drake was re-elected in the general election. We then directed the parties to submit statements on the question of whether the appeal is moot. We are persuaded it is not. It is Anania's position that the elections should never have been held, and that his four year term does not expire until January 1985.

I. Rules of statutory construction are easier to recite than to apply.

The function and goal of statutory construction is to determine legislative intent. *American Home Products Corp. v. Iowa State Board of Tax Review*, 302 N.W.2d 140, 142 (Iowa 1981). In construing statutes the court searches for legislative intent as shown by what the legislature said, rather than what it should or might have said. Iowa R.App.P. 14(f)(13). We necessarily deal with the language used and consider it in the light of the object to be accomplished and any evils or mischief sought to be remedied. Where possible we place an interpretation on a statute which will effect its purpose rather than defeat it. We avoid strained, impractical, and absurd results. *Pearson v. Robinson*, 318 N.W.2d 188, 190 (Iowa 1982).

> In seeking the meaning of a law the entire act should be considered and each section construed with the act as a whole and all parts thereof construed together. The subject matter, reason, consequence and spirit of an enactment must be considered, as well as words used. Additionally, a statute should be accorded a sensible, practical, workable and logical construction.

> In the same vein, numerous statutes pertaining to the same subject must be considered, so the concept of *pari materia* comes into play. [Authorities.]

> Furthermore, all relevant legislative enactments must be harmonized, each with the other, so as to give meaning to all if possible. We must thus determine the legislative objective and in so doing proceed upon the premise that our General Assembly intended its enactments be ac-

corded a practical application leading to a reasonable result which will accomplish, not defeat, their purpose. [Authorities.] *Matter of Estate of Bliven,* 236 N.W.2d 366, 369 (Iowa 1975). While related statutes are read *in pari materia,* if there is a conflict between a general and a specific statute, the specific section controls. *Doe v. Ray,* 251 N.W.2d 496, 501 (Iowa 1977).

II. As mentioned, the trial court found the board's resolution was contrary to Iowa Code section 331.209(1). In adopting the resolution the board interpreted the word "incumbent" in that section to include only those supervisors who, as of January 1983, had time remaining in their term of office. Under this view there would be two incumbent supervisors after redrawing the districts only if both Drake and Anania had time remaining in their terms after January 1983.

The board and Anania believe the legislature carefully dovetailed the statutes which separately provide when supervisors' terms expire. Under section 331.209(1), as the statute was written at the time in question, the terms of supervisors placed in the same district by redistricting "shall expire on the second day of January that is not a Sunday or holiday following the next general election." Under Iowa Code section 39.18, Drake's term was to expire on January 2, 1983 (the *first* day of January following a legal holiday).

The board and Anania argue this means the district did not have two incumbent supervisors at the critical time. Drake's term expired on January 2nd; Anania was the only supervisor in the district on the next, and under section 331.209(1), critical day. They bolster their argument by referring to section 331.209(3), which says in part: "[t]his subsection does not lengthen or diminish the term of office of a member of the board . . . ."

The short answer, and we think the controlling answer, to these contentions is the one offered by the trial court. The question comes down to deciding when the determination of incumbency is to be made.

Defendants and Anania are able to show that it would have made good sense, perhaps it would have made better sense, if the legislature would have called for the determination to be made after the first of the year when some terms, such as Drake's, would expire. But the legislature did not do so. Instead it provided that the determination of incumbency was to be made "after the districts have been redrawn . . . ." Iowa Code § 331.209(1).

Of all canons of statutory construction, only one appears in our appellate rules as so well established that no further citiation of it is required. Under rule of appellate procedure 14(f)(13) we search for legislative intent as shown by what the legislature said, rather than what it should or might have said. "Incumbent" means incumbent at the time the districts have been redrawn.[2]

Under the statute the board was required to divide the county into the new supervisor districts before March 15, 1982. The board did so and adopted the plan on February 9, 1982. For more than ten months thereafter the redrawn district had two resident supervisors. The trial court was right in so holding and in following the statutory mandate that the situation called for termination of the terms of both resident supervisors in January 1983.

The order for a new election and selection of staggered terms by lot under section 331.208(4) was proper.

AFFIRMED.

2. We are not persuaded by the suggestion that section 49.8(4), which prohibits shortening terms of supervisors in redrawn districts, is pertinent. Section 331.209(1) governs redrawing of districts required specifically by reason of the federal decennial census. Section 49.8 refers to boundary changes in supervisor districts made in the regular manner for any other purpose.